### Simmons v. Simmons.

(Decided March 24, 1922.)

#### Appeal from Ballard Circuit Court.

1. Divorce—Second Divorce.—Under the provisions of sections 2118 and 2120, Kentucky Statutes, a spouse cannot have a second di-

vorce, either from the same or a different defendant, upon the
same ground unless that ground be adultery, or one of the
grounds named in the statute for which either husband or wife
may have a divorce.

2.  Divorce—Alimony.—While the statute is sufficient to prevent the
granting of a divorce upon the same ground as that relied on in a
former action, it is not suficient to prevent a recovery of alimony.

J. B. WICKLIFFE for appellant.

JOHN E. KANE and KANE & WHITE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant and appellee were married in 1912 and lived
together as husband and wife until 1916, when the wife,
appellee, M. L. Simmons, instituted an action in the Bal-
lard circuit court against her husband, R. B. Simmons,
for divorce on the grounds of cruel and inhuman treat-
ment. She also sought in the same action the custody of
their little daughter, the only child of their marriage.
The case being prepared and submitted, an absolute di-
vorce was decreed the wife and she was also awarded
alimony in the sum of $1,000.00 and the custody of the
child. The alimony was paid and she invested the money
in a home which she now owns and occupies. About six
months after the granting of said divorce the parties
remarried and lived together as husband and wife until
September, 1920, when the wife again brought suit against
her husband for divorce on the grounds of cruel and inhu-
man treatment, prayed the custody of their child and for
alimony. The husband defended on the ground that the
wife was not entitled to a second divorce from him upon
the same grounds, and he further insisted that she is not
entitled to alimony, having once collected alimony from
him, and that she is not entitled to the custody of their in-
fant daughter. The case being prepared and submitted,
the chancellor entered a decree denying her a divorce,
but awarding her alimony in the sum of $325.00 and the
custody of their infant child. The husband appeals, and
the wife has entered a motion for a cross appeal. Ac-
cording to section 2118, Kentucky Statutes, a judgment of
divorce authorizes either party to marry again, but there
shall not be granted to any person more than one
divorce, except for living in adultery, to the party not in
fault, and for the causes for which a divorce may be
granted to both husband and wife. By section 2120 every

judgment for a divorce may at any time be annulled by the court rendering it on the joint application of the parties, and they restored to the condition of husband and wife, but no divorce shall thereafter be granted between them for the same or a like cause.

From the foregoing sections of our statute it is manifest that a spouse cannot have a second divorce, either from the same or a different defendant, upon the same ground unless that ground be adultery or one of the grounds named in the statute for which either husband or wife may have a divorce.

This same question was presented in the case of Iring v. Iring, 188 Ky. 65, and after reviewing all of the authorities, we said:

"So that under this section, no person can obtain a second divorce unless upon the ground of adultery, or for the cause for which a divorce may be granted to both parties. The result of this is that if a second party cannot secure a divorce on the ground of adultery, or for a cause that will authorize a divorce to both parties, the parties must continue as husband and wife until there has been a 'living apart without any cohabitation for five consecutive years,' at the expiration of which time either may obtain a divorce, as this furnishes cause to both parties."

Although the chancellor properly denied the wife a divorce in this case, we know of no reason why she was not entitled to recover alimony if the facts justified it. We have held in numerous cases that a wife may have alimony or maintenance in an action in which divorce is not even sought, and we have further held in cases where a divorce was granted to the husband, when it should have been granted to the wife, her right to alimony was not defeated even though we could not review or reverse the decree of divorce, and in several such cases we have allowed her alimony. However, we have not had before us a case involving exactly the same facts as the one under consideration. In the former suit the wife not only obtained an absolute divorce but she obtained alimony also, which she collected, invested and retained even after her second marriage to the same husband.

It is insisted by appellant that the wife is only entitled to have alimony of him one time and cannot have such an award a second time. True in the same action, but not where there is a distinct proceeding founded upon new facts and growing out of a second marriage. As

shown by section 2122, alimony may be allowed only if the wife have not sufficient estate of her own. This, of course, is upon the humane idea that the wife should have support and maintenance out of the estate of her husband who has through his own wrong put her away. Had the wife married a stranger the last time instead of the same husband, it could not well be argued that she could not have alimony of him if her grounds were sufficient and the evidence justified it. Why then should a different rule apply where the wife marry the same husband a second time? She relied upon cruel and inhuman treatment which the evidence appears to fully sustain, in fact there is but feeble effort to rebut the grounds. The statute against a second divorce to a spouse upon the same ground is alone interposed to defeat her cause, and, as we have seen, is sufficient to prevent the granting of the divorce, but not to defeat a recovery of alimony.

The daughter is of such tender years that it seems but proper that the chancellor awarded her custody to her mother with reasonable opportunity to the father to visit and see her.

Judgment affirmed.