## Goebel v. Goebel.

(Decided February 5, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Divorce—No Second Divorce on Ground of Abandonment.—A woman remarrying husband divorced for cruelty could not obtain a second divorce on the ground of abandonment for one year, under Ky. Stats., sections 2117, 2118.

2.  Statutes—Express Inclusion of One Thing Excludes Another Not
    Expressed.—The express inclusion of one thing will exclude an-
    other that is not expressed.
3.  Divorce—Grounds of Second Divorce Restricted, Although Second
    Divorce Action Between same Parties as in First Action.—Ky.
    Stats., section 2118, restricts the right to a second or more than
    one divorce to cases of impotency, living apart for five years, and
    adultery, and applies to a case where the wife is seeking a divorce
    from a husband whom she has remarried after previously obtain-
    ing divorce from him.

J. S. LUSHER and L. G. BRADBURY for appellant.

STANLEY NEWHALL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Loraine Goebel, and the appellee, Eu-
gene P. Goebel, were married December 23, 1915. One
child, a son, was born of this marriage. On July 28,
1920, in an action previously brought by her for that pur-
pose, the appellant was by a judgment of the Jefferson
circuit court, chancery branch, 2nd division, granted a
divorce a vinculo from the appellee on the ground of his
having habitually behaved toward her for not less than
six months, "in such cruel and inhuman manner as to in-
dicate a settled aversion to her." The judgment also
awarded her alimony and the custody of the infant son.
On October 19, 1920, the appellant and the appellee were
again married, but thereafter lived together only about
two months; and on March 3, 1922, she brought against
him in the Jefferson circuit court, chancery branch, 1st
division, a second action for a divorce a vinculo, the cus-
tody of their infant son and costs of the action, including
a reasonable attorney fee. The single ground relied on
for the divorce sought in this action, was the alleged
abandonment of the appellant by the appellee for one
year, without fault on her part. The appellee being a
non-resident of this state, a warning order was taken
against him and an attorney appointed to represent him,
whose report appears in the record.

The facts with respect to the first action brought by
the appellant for a divorce and her obtention of the
divorce as prayed therein, are set forth by the petition in
the case at bar, and copies of the petition and judgment
in the first action, marked as exhibits, filed therewith.
After the taking of proof by the appellant on the ques-
tion of her abandonment by the appellee the ground re-

lied on for the second divorce, the case was submitted in the court below for trial and judgment on the pleadings, exhibits, and evidence in behalf of the appellant. Whereupon the chancellor, by the judgment rendered, refused the appellant the divorce prayed and dismissed her petition, and from that judgment she has appealed.

No issue of fact is presented by the record and the abandonment pleaded as a ground of divorce was amply established by the evidence of the appellant. The dismissal of her petition resulted from the chancellor's conclusion, that because of her having previously obtained a divorce from the appellee, the granting to her of a second divorce on the ground urged in the present action, is forbidden by section 2118, Kentucky Statutes, which provides:

"A judgment of divorce authorizes either party to marry again, but there shall not be granted to any person more than one divorce except for living in adultery, to the party not in fault, and for the causes for which divorce may be granted to both husband and wife."

By section 2117, Kentucky Statutes, it is declared that:

"Courts having general equity jurisdiction may grant a divorce for any of the following causes, to both husband and wife:

1. To both parties. Such impotency or malformation as prevents sexual intercourse.

2. Living apart without any cohabitation for five consecutive years next before the application.

To party not in fault. Also to the party not in fault for the following causes:

1. Abandonment by one party of the other for one year.

2. Living in adultery with another man or woman.

3. Condemnation for felony in or out of this state.

4. Concealment from the other party of any loathsome disease existing at the time of marriage, or contracting such afterward.

5. Force, duress or fraud in obtaining the marriage.

6. Uniting with any religious society whose creed and rules require a renunciation of the marriage covenant, or forbid husband and wife from cohabiting.

To the wife. Also to the wife, when not in like fault, for the following causes:

1. Confirmed habit of drunkenness on the part of the husband of not less than one year's duration, accompanied with a wasting of his estate, and without any suitable provision for the maintenance of his wife or children.

2. Habitually behaving toward her by the husband, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness.

3. Such cruel beating or injury, or attempt at injury of the wife by the husband, as indicates an outrageous temper in him, or probable danger to her life, or great bodily injury from her remaining with him.

To the husband. Also to the husband for the following causes:

1. Where the wife is pregnant by another man without the husband's knowledge at the time of the marriage.

2. When not in like fault, habitual drunkenness on the part of the wife of not less than one year's duration.

3. Adultery by the wife, or such lewd, lascivious behavior on her part as proves her to be unchaste, without actual proof of an act of adultery.''

Language can not be made more explicit than that of section 2118, *supra*, declaring that ''there shall not be granted to any person more than one divorce, except for living in adultery, to the party not in fault and for the causes for which a divorce may be granted to both husband and wife.'' But it is insisted by counsel for appellant that the expression, ''the causes for which a divorce may be granted to both husband and wife,'' was intended to be understood and should be given the same meaning as if it said, ''the causes for which a divorce may be granted to either husband or wife.'' Hence, it is argued, that as abandonment, the ground relied on by the appellant, is a cause for which a divorce may be granted either

the husband or wife, the case should be held to come within the exception of the statute indicated.

We regard this contention of counsel unsound, for the following reasons: First, because the meaning thereby attributed to the exception contained in the provision of the statute in question, viz., that the words "both husband and wife," as appearing therein, are used in the same sense as if they read "either husband or wife," is unauthorized by the words themselves, or the language of the exception considered as a whole. Second, if such had been the meaning of the legislature it was unnecessary to single out adultery from the list of causes enumerated for which a divorce may be granted to either husband or wife, and specifically couple it with the only other two causes mentioned in section 2118 as grounds for the granting of a second, or more than one, divorce to the same person.

In view of the well known rule of construction that the express inclusion of one thing will exclude another that is not expressed, it would seem that the legislature in thus selecting from the six grounds for which either husband or wife may be granted a divorce, that of adultery alone, and also making of it one of the three grounds authorizing a second, or more than one, divorce to the same person, thereby intended to and, in fact did, forbid the granting of such a divorce upon any of the other or remaining five grounds specified for the granting of a divorce to either husband or wife.

So we think it may correctly be said that by the provisions of section 2118, of the statute, *supra,* the right of a person to obtain a second, or more than one, divorce is confined to the two causes specified in section 2117 of the statute as grounds for which a divorce may be granted to both husband and wife, viz., (a) impotency or malformation; (b) living apart for five years; and (c) *adultery,* which is also one of the six grounds enumerated in that section as authorizing a first or single divorce to either husband or wife. While there are three other and independent grounds afforded by the same section for the granting of a divorce to the wife, and three other grounds for the granting of a divorce to the husband, as none of them is mentioned in the exception contained in section 2118, they throw no light upon the question under consideration.

In thus construing the provision of the statute under consideration we but follow the construction heretofore given it by this court in the case of Iring v. Iring, 188 Ky. 65, in the opinion of which, after an elaborate review of the origin and growth of the divorce laws of this state, the various decisions relating thereto, and the object of the legislature in enacting section 2118 of the present statute on the subject of divorce, we, in part, said:

> "And there can be no doubt that the purpose of section 2118 was to place a limitation upon the right of divorce by preventing any party from obtaining a second divorce, except for a cause for which a divorce might be granted to both parties, or on the ground of adultery. The legislature, as we have said, could have failed to provide that a divorce might be granted for any cause, and if it had not legislated on the subject at all, no divorce could be obtained; or it might, after having allowed divorces for certain causes, have provided that neither party should ever marry again; or that one of them might but the other could not; or have placed any limitation it saw proper upon the right to remarry."

In concluding the opinion the court further said:

> "So that under this section no person can obtain a second divorce unless upon the ground of adultery, or for the cause for which a divorce may be granted to both parties. The result of this is that if a second unhappy marriage is contracted and the aggrieved party cannot secure a divorce on the ground of adultery, or for a cause that will authorize a divorce to both parties, the parties must continue as husband and wife until there has been 'a living apart without any cohabitation for five consecutive years,' at the expiration of which time either may obtain a divorce, as this furnishes cause to both parties."

It is, however, insisted by counsel for the appellant that this case should not be controlled by the opinion in Iring v. Iring, *supra,* because in that case the ground upon which the wife obtained the divorce granted in the first action, was the same ground upon which the second divorce was sought by her; and the husband from whom the second was sought was not the husband from whom she was divorced in the first action, whereas in the case at bar the ground relied on for the second divorce is not

the same ground upon which the plaintiff was granted the divorce in the first action, but the husband from whom the second divorce is sought is the same from whom she was divorced in the first action. By way of a response to this contention it is sufficient to say that in Iring v. Iring, *supra,* the refusal to the wife of the second divorce was not rested upon the fact that the husband from whom it was sought was not the husband from whom she was divorced in the first action, but for the sole reason, as more than once stated in the opinion, that the ground relied on for the second divorce was not adultery on the part of the husband, nor a ground for which a divorce might have been granted to both husband and wife.

So the mere fact that the ground relied on for the divorce sought in the case at bar, is not the ground upon which the appellant obtained a divorce in the first action, and that the husband from whom she seeks a divorce in the case at bar happens to be the same husband from whom she obtained the divorce granted her in the first action, can no more entitle her to a second divorce than did the difference in the husbands entitle the wife in Iring v. Iring, *supra,* to the second divorce sought by her. Therefore, the contention of counsel that the opinion in the latter case is not conclusive of the correctness of the judgment appealed from in the instant case is without merit. In principle the cases are not distinguishable, and in this case the relief sought is as unattainable as it was in Iring v. Iring, and for the same reason, viz., because the ground urged for the second divorce is not as provided by the statute, that of adultery, or one for which a divorce might be granted to both husband and wife.

As in our opinion the rights of the parties to the present appeal were correctly determined by the circuit court, the judgment is affirmed. The whole court sitting.