### Kelly v. Kelly.

(Decided November 15, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Divorce.—Under Ky. Stats., section 2117, relating to causes for divorce, and section 2118, providing that second divorce may be granted only for causes for which divorce may be granted to both husband and wife, wife, who previously had been divorced from first husband on ground of cruel treatment, could not obtain divorce from second husband on ground of abandonment for one year without fault on her part, since words "to both husband and wife" do not mean same thing as if Legislature had used words "to either husband or wife."

MARK BEAUCHAMP for appellant.

BEN F. GARGEN, Warning Order Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Mary M. Kelly, who theretofore had been divorced from her first husband on the ground of cruel treatment, was married to Valentine A. Kelly, her present husband, on March 31, 1911. They lived together as residents of Jefferson county from the date of their marriage to April 12, 1925, at which time she was abandoned by her husband. On October 18, 1926, she brought this action against her husband for a divorce on the ground of abandonment for one year, without fault on her part. This ground was established by proof, but the divorce was denied on the sole ground that she was not entitled to a second divorce, except for living in adultery, to the party not in fault, and for the causes for which a divorce might be granted to both husband and wife. She appeals.

The controlling statutes are as follows:

2117. "A jury shall not be impaneled in any action for divorce, alimony, or maintenance, but courts having general equity jurisdiction may grant a divorce for any of the following causes, to both husband and wife:

"1. *To both parties.* Such impotency or malformation as prevents sexual intercourse.

"2. Living apart without any cohabitation for five consecutive years next before the application.

"*To party not in fault.* Also to the party not in fault, for the following causes:

"1. Abandonment by one party or the other for one year.

"2. Living in adultery with another man or woman.

"3. Condemnation for felony in or out of this state.

"4. Concealment from the other party of any loathsome disease existing at the time of marriage, or contracting such afterward.

"5. Force, duress or fraud in obtaining the marriage.

"6. Uniting with any religious society whose creed and rules require a renunciation of the marriage covenant, or forbid husband and wife from cohabiting.

"*To the wife.* Also to the wife, when not in like fault, for the following causes:

"1. Confirmed habit of drunkenness on the part of the husband of not less than one year's duration, accompanied with a wasting of his estate, and without any suitable provision for the maintenance of his wife or children.

"2. Habitually behaving toward her by the husband for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness.

"3. Such cruel beating or injury, or attempt at injury of the wife by the husband as indicates an outrageous temper in him, or probable danger to her life, or great bodily injury from her remaining with him.

"*To the husband.* Also to the husband for the following causes:

"1.   Where the wife is pregnant by another man without the husband's knowledge at the time of marriage.

"2.   When not in like fault, habitual drunkenness on the part of the wife of not less than one year's duration.

"3.   Adultery by the wife, or such lewd, lascivious behavior on her part as proves her to be unchaste, without actual proof of an act of adultery."

2118.   "A judgment of divorce authorizes either party to marry again, but there shall not be granted, to any person more than one divorce except for living in adultery, to the party not in fault, and for the causes for which a divorce may be granted to both husband and wife."

It will be observed that section 2118 prohibits the granting to one person of more than one divorce, except for living in adultery, to the party not in fault, and for the causes for which a divorce may be granted to both husband and wife. It is argued that the words "to both husband and wife" mean the same thing as if the Legislature had used the words, "to either husband or wife." It may be that Iring v. Iring, 188 Ky. 65, 221 S. W. 219, 9 A. L. R. 1070, is not controlling, since Mrs. Iring's first divorce was obtained on the ground of cruel and inhuman treatment, and the second divorce was sought on the same ground, which was not a cause for which a divorce might be granted to the husband; but, in the more recent case of Goebel v. Goebel, 201 Ky. 819, 258 S. W. 691, Mrs. Goebel, who theretofore had been granted a divorce on the ground of cruel and inhuman treatment, sought a second divorce on the ground of abandonment for one year; thus presenting the precise question here involved. In rejecting the contention that the words "to both husband and wife" should be given the same meaning as if the statute had used the expression "to either husband or wife," the court said:

"We regard this contention of counsel unsound, for the following reasons: First, because the meaning thereby attributed to the exception contained in the provision of the statute in question, viz., that the words 'both husband and wife,' as appearing therein, are used in the same sense as if they read 'either husband or wife,' is unauthorized

by the words themselves, or the language of the exception considered as a whole. Second, if such had been the meaning of the Legislature it was unnecessary to single out adultery from the list of causes enumerated for which a divorce may be granted to either husband or wife, and specifically couple it with the only other two causes mentioned in section 2118 as grounds for the granting of a second, or more than one, divorce to the same person.

"In view of the well-known rule of construction that the express inclusion of one thing will exclude another that is not expressed, it would seem that the Legislature in thus selecting from the six grounds for which either husband or wife may be granted a divorce, that of adultery alone, and also making of it one of the three grounds authorizing a second, or more than one, divorce to the same person, thereby intended to and, in fact did, forbid the granting of such a divorce upon any of the other or remaining five grounds specified for the granting of a divorce to either husband or wife.

"So we think it may correctly be said that by the provisions of section 2118, of the statute, supra, the right of a person to obtain a second, or more than one, divorce is confined to the two causes specified in section 2117 of the statute as grounds for which a divorce may be granted to both husband and wife, viz., (a) impotency or malformation; (b) living apart for five years; and, (c) adultery, which is also one of the six grounds enumerated in that section as authorizing a first or single divorce to either husband or wife. While there are three other and independent grounds afforded by the same section for the granting of a divorce to the wife, and three other grounds for the granting of a divorce to the husband, as none of them is mentioned in the exception contained in section 2118, they throw no light upon the question under consideration."

Upon a reconsideration of the question, we see no reason for changing the construction thus placed on the statute. It follows that the chancellor did not err in refusing the divorce.

Judgment affirmed.