## Humphress v. Humphress.

(Decided September 27, 1929.)

J. H. HOLLADAY for appellant.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Mary M. Humphress, who was the plaintiff below, obtained a divorce in the Nelson circuit court in October, 1924, on the ground of adultery. Thereafter she married Edward Humphress, and in December, 1928, she brought this action for a divorce from him on the ground of cruelty.

The chancellor refused her the divorce prayed, and dismissed her petition, on the theory that, having obtained a divorce from her former husband, the granting to her of a divorce from her present husband on the ground relied on is forbidden by section 2118, Kentucky Statutes, which reads as follows:

"A judgment of divorce authorizes either party to marry again, but there shall not be granted to any person more than one divorce, except for living in adultery, to the party not in fault, and for the causes for which a divorce may be granted to both husband and wife."

The plaintiff is not seeking a divorce on the ground of adultery, nor on a ground for which a divorce might be granted to both husband and wife, and, having heretofore obtained a divorce from a former husband, she is precluded from obtaining another divorce on any ground other than one of the grounds named in section 2118.

It is argued in her behalf that the statute does not provide that no second divorce shall be granted, but provides that not more than one divorce shall be granted, "except for living in adultery, to the party not in fault,

and for the causes for which a divorce may be granted to both husband and wife," and that therefore, after a party has obtained a divorce on the ground of adultery, she is as much entitled to a second divorce on the ground of cruel and inhuman treatment as she would be if she had obtained the first divorce on the ground of cruel and inhuman treatment and was seeking the second divorce on the ground of adultery.

In Iring v. Iring, 188 Ky. 65, 221 S. W. 219, 223, 9 A. L. R. 1070, the plaintiff sought a divorce on the ground of cruel treatment, after she had obtained a divorce from another husband on the same ground. It was held that she could obtain a divorce from her then husband, Iring, only upon one of the grounds mentioned in section 2118, and, in the course of the opinion the court said:

"The Legislature did not, however, deem it wise to deny divorces or to prohibit absolutely the remarriage of divorced persons, but was content to say that a party who had obtained a divorce and afterwards married a person other than a former spouse could not obtain a second divorce except for the cause of living in adultery or for a cause for which a divorce might be granted to both husband and wife. So that, under this section, no person can obtain a second divorce unless upon the ground of adultery, or for the cause for which a divorce may be granted to both parties. The result of this is that, if a second unhappy marriage is contracted, and the aggrieved party cannot secure a divorce on the ground of adultery, or for a cause that will authorize a divorce to both parties, the parties must continue as husband and wife until there has been a 'living apart without any cohabitation for five consecutive years,' at the expiration of which time either may obtain a divorce, as this furnishes cause to both parties."

In Goebel v. Goebel, 201 Ky. 819, 258 S. W. 691, 694, the plaintiff obtained a divorce from her husband on the ground of cruel treatment. The parties later remarried, and thereafter the plaintiff filed a second action for a divorce on the ground of abandonment for one year. After quoting from the opinion in the Iring case the court said:

"The contention of counsel that the opinion in the latter case is not conclusive of the correctness of the judgment appealed from in the instant case is without merit. In principle the cases are not dis-

tinguishable, and in this case the relief sought is as unattainable as it was in Iring v. Iring, and for the same reason, viz. because the ground urged for the second divorce is not, as provided by the statute, that of adultery, or one for which a divorce might be granted to both husband and wife.''

Also see Simons v. Simons, 194 Ky. 300, 238 S. W. 744, and Kelly v. Kelly, 221 Ky. 759, 299 S. W. 961.

It is insisted that the above-cited cases are not controlling, since in none of them had the first divorce been granted on the ground of adultery. A reconsideration of the question convinces us that the construction placed upon the statute by these cases is sound, when applied to the facts of this case, and we are of the opinion that it was the intention of the Legislature to forbid the granting of a second divorce, except upon one of the grounds mentioned in section 2118.

Judgment affirmed.