## Raines v. Raines.

(Decided February 13, 1931.)

CARL H. DENKER for appellant.

HOLLAND G. BRYAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal is prosecuted from a judgment of the McCracken circuit court refusing to grant appellant a divorce. Appellant sought a divorce from appellee on the grounds of abandonment, and the chancellor was of the opinion that the evidence was sufficient to authorize a divorce on the ground relied on, but that appellant came within the inhibitions of section 2118 of the Kentucky Statutes, which provides that "a judgment of divorce authorizes either party to marry again, but there shall not be granted to any person more than one divorce, except for living in adultery, to the party not in fault, and for the causes for which a divorce may be granted to both husband and wife."

On May 28, 1914, appellant married Roger Furey, and on July 6, 1916, Furey filed suit against the appellant for divorce. She made no defense, and a judgment was entered granting the divorce. Roger Furey has since died. On April 5, 1927, appellant and appellee were mar ried and lived together until March, 1928, when the appellee abandoned the appellant.

On August 10, 1929, appellant filed this suit for divorce on the ground of abandonment. The sole question involved on this appeal is, Does the inhibition contained in section 2118 of the Kentucky Statutes apply to appellant? This statute has been construed in Iring v. Iring, 188 Ky. 65, 221 S. W. 219, 9 A. L. R. 1070; Simmons v. Simmons, 194 Ky. 300, 238 S. W. 744; Goebel v. Goebel, 201 Ky. 819, 258 S. W. 691; Kelly v. Kelly, 221 Ky. 759, 299 S. W. 961; and Humphress v. Humphress, 230 Ky. 617, 20 S. W. (2d) 436—and in each of these cases it was held that the inhibition contained in section 2118 applied, but in each case the party denied a divorce had been the plaintiff in a former divorce proceeding in which a divorce had been granted. The precise question raised on this appeal has never been decided by this court.

There is much force in the statement in the chancellor's opinion that the statute "certainly does not mean that the innocent and injured spouse who procures a divorce from his or her erring mate is to be dealt with more severely than the offending one," but a careful reading of the statute convinces us that it was primarily the intention of the Legislature to discourage divorces by penalizing the parties who were invoking the proc-

esses of the court to procure them. It could not be argued that the inhibtion would apply if the circumstances here had been reversed and the husband had been the plaintiff. He could not have been denied a divorce because his wife had theretofore been divorced, and the judgment therefore would have applied to her as well as to him. Furthermore, it is a matter of common knowledge that many circuit courts have construed section 2118 as applying only to the plaintiff in a former divorce proceeding, and a different construction now would raise a doubt as to the validity of these divorces. In passing, it may be stated that the General Assembly at its 1930 session repealed the inhibition contained in section 2118 (Acts 1930, c. 190).

Judgment is reversed, with directions to enter a judgment granting appellant the relief sought in her petiton.