## Davis v. Davis.

(Decided November 4, 1910.)

### Appeal from Owen Circuit Court.

Divorce—Custody of Minor Children—Right of Parents to Visit Them —Failure to Agree—Duty of Court.—Under Ky., St., section 2123, the court may at any time upon the petition of either parent after they have been divorced, revise or alter the order as to the custody and care of the minor children of the divorced parents, having the interest and welfare of the children principally in view. Held, that where the divorced parents do not reside within a convenient distance and cannot agree upon a proper place, the court should select a proper place for that purpose.

VALLANDINGHAM & ALEXANDER for appellant.

BOTTS, PERRY & LINDSEY for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On June 8th, 1909, appellee, Smith Davis, was by a judgment of the Owen circuit court divorced from his wife, Stella Davis, who is the appellant in this proceeding. At the time of the divorce the parties to the proceedings had two children, one of whom is now two and a half years old and the other eight years old. The judgment awarded the custody of the children to their mother, Stella Davis, but provided that she should at all times keep them within the jurisdiction of the court and should at all reasonable times permit Smith Davis to see the children upon notice that he desired to do so, but not oftener than once a month unless in case of sickness.

On February 23d, 1910, appellee, Smith Davis, entered a motion to have the case redocketed and asked for a rule against Stella Davis to show cause why she had refused to obey the orders of the Owen circuit court, and why she should not be removed as the custodian of the children and the children placed in the care and custody of some one who would obey the orders of the court. Due notice of this proceeding was served upon Stella Davis. The latter made response to the rule. After hearing both sides of the controversy, the court modified its former judgment and directed, until further orders, that Smith Davis, during the school months (there being no school on Monday of each week) could, on the second Sunday of April, November and January, go for Sue Davis, the child eight years of age, take her to his home and return her to her mother's home on the following Tuesday in time for school; that Smith Davis could, also, on the second Saturday in June, go to the home of Stella Davis, take Sue Davis home with him and keep her until the first day of July following, and that on the second Sunday in August, he could go and get Sue Davis, take her to his home and keep her until September 1st following. He was also given the right, when he went to the home of Stella Davis, either going or returning, to see the younger child for a period of thirty minutes. In case of the sickness of the children he was given the right to see them wherever they might be. It was also provided that he could see the infant child, Henrietta Davis, upon the same terms and conditions when she arrived at five years of age. From this judgment Stella Davis appeals.

It is first insisted that the chancellor was without power to modify the original judgment, as he had not reserved in that judgment the right to do so. In this connection it is urged that the only proper procedure is that provided for under section 2123, Ky. Stats., which is as follows:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate."

The question here presented was before this court in the case of Shallcross v. Shallcross, 135 Ky. 418, 122 S. W. 223. It was there held that the exercise of the power possessed by a court of equity with respect to the custody of an infant whose parents had been divorced is not dependent upon action by either of the divorced parents or upon a reservation in the judgment of authority subsequently to change or modify the judgment, but the court may, upon its own motion, modify the judgment. That being true, the court has the power, after a term, to modify or vacate the judgment in such cases, it matters not whether the exercise of the power is invoked by petition of one of the parents or by motion and rule to show cause why the judgment should not be complied with, which is the method pursued in this case. We shall, therefore, address ourselves to the propriety of the modified judgment.

The evidence discloses the fact that appellant, Stella Davis, lives at the home of her father, and that there is not only bitter feeling existing between appellant and appellee, but also between appellant's father and appellee. That being true, we agree with the chancellor, that the home of appellant's father is not the proper place for appellee to see his children. But, inasmuch as courts, in making orders for the care and custody of minor children, must at all times have principally in view the interest and welfare of the children, we are of the opinion that it would not be best, either for the older child at the present time or for the younger one when she arrives at five years of age, to be taken in a buggy a distance of thirty or thirty-five miles, on one day, to appellee's home, and then returned on the next day. However, appellee should be permitted to see his children, and the judgment of the court permitting him to do so must be respected. We think he should be permitted to see them in the city of Georgetown. Upon the return of this case, appellee and appellant may agree upon a proper place at which appellant, upon being notified by appellee, will have the children. In case they fail to agree, the court will select a proper place. Inasmuch as the older child goes to school on Tuesdays, Wednesdays, Thursdays, Fridays and Saturdays, the time that appellee may see his children will be restricted to two Mondays in each month.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.