### Gilbert v. Gilbert.

(Decided October 3, 1912.)

#### Appeal from Knox Circuit Court.

1. Divorce and Alimony—Improper Allowance to Wife—Allowance for Support of Child—Evidence.—In a suit by the husband for

divorce, it was error, in view of the evidence, to allow alimony to the wife as she did not have reasonable grounds to leave the husband, but as it was his duty to support the child, as she has cared for it for five years, she is entitled to something for that, and something with which to support it in the future, and the allowance of $500.00 is not unreasonable.

2. Divorce and Alimony—Partial Payments—Failure of Husband to Pay.—It was error for the court to adjudge the whole amount of alimony due upon a failure of a partial payment. The case should have been retained on the docket and the husband ruled to show why he failed to make payment.

3. Divorce and Alimony—Error in Adjudging Lien on Land.—It was error to adjudge a lien on land for the alimony for the reason that appellant owned no land, nor had the attachment been levied on land.

J. M. GILBERT for appellant.

J. M. ROBSION, J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was brought by appellant against appellee for a divorce from the bonds of matrimony, upon the ground of living apart, without cohabitation, for five consecutive years next before the bringing of the action. She answered admitting the separation as alleged, and averred that it was so unpleasant for her at the home of appellant, with his mother and sister, she was forced to leave, and asked $1,500 alimony for herself and child.

The court heard the evidence, granted appellant a divorce and adjudged that he pay, for the benefit of his wife and child, $500 in alimony, the cost of the action and her attorney's fee. It was adjudged that the alimony be paid in installments and that if appellant failed to pay any of the installments when due the whole amount should become due and payable. The court also sustained an attachment sued out in her favor and adjudged that the alimony allowed her and the child be a lien on certain land.

The uncontradicted proof shows that they were married in the spring of 1906; that they lived together until some time in the following September, when she left home and went to her father's where she had remained ever since. The evidence shows that appellant was under some obligation to live with and maintain his mother, who was an old lady, and sister, who was

only seventeen or eighteen years of age. His father had died some years before he married. The feeling between appellant, his wife and mother had always been kind—they lived in peace and harmony, but it seems that the feeling between appellee and appellant's sister was different on the day appellee left. It appears that on the morning of that day appellant asked his sister to wash a shirt for him and told her he wanted to go to town the next day. His sister took the shirt and put it with other clothes she had to wash, went to do something else, returned shortly, and, noticing the shirt was missing, asked appellee if she had it. Appellee at first denied having it, but afterwards admitted that she did, threw it down the stairs to her stating that she wanted to wash it on her wash day. A few words passed between appellee and the sister out on the porch in the hearing of appellant, and he said to them, in effect, behave yourselves and both do the washing, and then went to a blacksmith shop to have a mule shod, and during his absence, appellee left. Appellant often tried to get her to return to his home, but she told him she would not do it unless he would get another house in which to live; that she would never live at his home with his sister.

In our opinion, she did not have reasonable grounds for leaving her husband, and the court should not have allowed her alimony, but it was his duty to support the child and as she has cared for it for nearly five years she was entitled to something for that and to something with which to support the child in the future, and we think $500 is not unreasonable, as he is young and vigorous, although the testimony shows that he is a poor man.

The partial payments fixed by the lower court are very reasonable, but it was error to adjudge that upon the failure to pay any one of them when due, the whole should become due and payable. Instead of embodying this provision, the court should have retained the case on the docket and governed this matter by ruling him to show cause, if any, why he failed to make the payment.

Another error assigned by appellant is the sustaining of the attachment and adjudging the amount awarded against him a lien on a certain tract of land. This was error, because appellant owned no land. The land alleged to have been levied upon was the property

of his mother. Second, the attachment had not been levied on any land. The officer's return on the attachment was as follows:

"Executed by delivering a true copy to Nathan B. Gilbert no property found.

"W. A. Scoville, S. L. C.

"By G. A. Beets, D. S. L. C."

October 23, 1911.

And just below this return, is the following memorandum:

"Land bounded as follows on the E. by John H. Sasser, on the S. by Knox County line, on the W. W. D. Watts on the N. by Sam Gilbert and Bige Asher." 

This memorandum was not signed by anyone, nor is it shown why nor when it was made. There was nothing to show that the land was levied on, and, as stated, the testimony shows, without contradiction, that it was the property of the mother, and the court erred in adjudging this land in lien for the amount awarded the wife and child.

For these reasons, the judgment is reversed and cause remanded for further proceedings consistent herewith.