## Colson v. Colson.

(Decided March 20, 1913.)

### Appeal from Trigg Circuit Court.

Divorce—Custody of Child—Finding of Chancellor.—Where a wife is granted a divorce and the custody of her daughter, thirteen years of age, and both she and her husband remarry, and the husband institutes an action to recover the custody of the child, it is proper to refuse him such relief where the evidence fails to show that the mother is not a fit person to have the custody of the child, and the child prefers to remain with the mother, even though the plaintiff has a better home and can afford the child more comforts and advantages than the mother.

ROBERT CRENSHAW for appellant.

MAX HANBERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Bailey C. Colson and Lula Colson were husband and wife. She sued him for divorce. He filed an answer and counterclaim denying the allegations of the petition and asking that he be granted a divorce from her. On final hearing, the chancellor granted the wife the divorce and adjudged her alimony in the sum of $200. The custody of their daughter, Erma, was awarded to the wife, and Bailey Colson, her father, was directed to pay to Lula Colson the sum of $75 a year for the support of the daughter until she reached the age of 21. The daughter is now 13 years of age. Since the divorce was granted, both parties have re-married.

This action was brought by plaintiff, Bailey C. Colson, against Lula Colson to obtain the custody of the child. Plaintiff asked that the former judgment awarding Lula Colson the custody of the child be modified, and that he be awarded the custody of the child, and that that part of the former judgment directing him to pay Lula Colson $75 a year for the support of the child be set aside. The basis of the action is that Curt Colson, the present husband of Lula Colson, is an immoral and thriftless person, and is unable to supply Erma Colson with proper home, clothing and education, while plaintiff is amply able to board, clothe and educate Erma, and is a proper person to take charge of her. On final hearing,

the chancellor dismissed plaintiff's petition, and he appeals.

The evidence for plaintiff shows that he owns a farm worth from $1,200 to $1,500. He also has stock and farming implements, and is a fairly prosperous man, and of good moral character. Curt Colson is a tenant and owns no property. Several witnesses testified that his reputation for morality is not good. On the other hand, the evidence for defendant tends to show that Erma is being sent to school, and that she is dressed in the same way as other girls in the neighborhood. Two or three witnesses say that Curt Colson's reputation for morality is good. The child herself testified, and said that she preferred to live with her mother. Plaintiff claims that Curt Colson was the cause of the divorce, and we are asked to say that because Lula Colson subsequently married him this is conclusive proof of her infidelity prior to the divorce. That question, however, was tried in the divorce case, and she was held to be without fault. There is no evidence in this record that she is a woman of immoral character or that she is otherwise unfitted to have the custody of her daughter. The fact that Lula Colson married Curt Colson is no more evidence of her infidelity prior to the divorce than the fact that plaintiff married his present wife is evidence of his infidelity prior to the divorce. It seems that Curt Colson was also divorced from his wife, and the evidence makes it clear that his reputation for morality arises from his conduct in connection with that case. There is also some evidence that he used to be a drinking man. The evidence does not show that he has been drinking to any extent since he married Lula Colson. In determining whether the father or mother is the proper person to have the custody of the child, it is the invariable rule to consult the best interests of the child. Here we have a case of a mother and step-father on the one side, and a father and step-mother on the other. Neither prospect is altogether inviting for the child. The mother may generally be trusted to protect the interests of her own child, even against improper conduct of her husband. On the other hand, the father may be often prejudiced by the statements of the step-mother, and not being at home all the time, he cannot see that the child will always receive proper treatment. When, therefore, the mother is not shown to be unfit for the purpose, and the child herself

prefers to remain with the mother, we think it better that the mother should have the custody of her own daughter, rather than the father who has married again, although the father may be in a position to afford the child more comforts and advantages than the mother. This is the conclusion reached by the chancellor, and we see no reason to disturb the judgment.

Judgment affirmed.