## Wills v. Wills.

(Decided January 21, 1916.)

### Appeal from Shelby Circuit Court.

1. Divorce—Custody of Child.—Having in view the welfare of the child, it is the well settled practice in this State, in case of divorce, to award the custody of a child of tender years, especially a girl, to the mother, unless it be made to appear that she is not a suitable person.

2. Divorce—Custody of Child—Suitability of Mother—Evidence.—In an action for divorce involving the custody of a little girl five years of age, evidence considered and held that the welfare of the child would be best subserved by entrusting it to the care of the mother.

3. Divorce—Custody of Children—Support—Duty of Husband to Contribute—Amount.—Where the father and mother are divorced and the mother has no estate, it is the duty of the father to contribute to the support of an infant child, though the mother be entrusted with its custody; and where a father is shown to have an estate of from $2,000.00 to $3,000.00 and to make $200.00 per annum in addition to his board, a contribution of $10.00 per month to the support of the child is not unreasonable.

4. Divorce—Temporary Alimony—Discretion of Chancellor—Section 2121, Kentucky Statutes.—Section 2121 of the Kentucky Statutes, providing that "pending an action for any divorce the court may allow the wife maintenance," does not give the wife an absolute right to maintenance regardless of the facts, but vests the court with a sound legal discretion in the matter; and where it appears that the wife was in fault in abandoning the husband, failure to allow temporary alimony is not an abuse of discretion.

5. Divorce—Costs—Attorney's Fee—Section 900, Kentucky Statutes. —In an action for alimony and divorce, the husband must pay the costs of the wife, including a reasonable attorney's fee, unless two things are made to appear in the action: First, that the wife is in fault; and, second, that she has ample estate to pay the costs.

6. Divorce—Costs—Attorney's Fee—Effect of Former Action.—Where a wife sues for a divorce, which is denied, and the husband is required to pay a fee to her attorneys for their services, and thereafter the husband sues for a divorce, which is granted, and the wife, by counter claim, seeks a divorce from him on precisely the same grounds relied on in the former action, she is not entitled to have her attorneys paid by her husband for the services so rendered. However, she is entitled to have taxed as part of the costs a reasonable fee for her attorneys for services rendered in contesting the suit brought by her husband for divorce and custody of their child.

7. Divorce—Costs—Attorney's Fee.—Where a husband and wife have been divorced and on appeal by the husband the only questions involved are the custody and maintenance of the child, the husband cannot be required to pay the wife's attorneys for their services in resisting his contentions.

8. Appeal—Costs—Attorney's Fee.—Where a husband and wife have been divorced and on a cross-appeal by the wife the question of alimony and of the liability of the husband for her attorney's fees in the court below are involved, the wife's attorneys are entitled to a reasonable fee for their services in this court rendered with respect to these items, to be taxed as part of the costs and paid by the husband.

BEARD & RIVES for appellant.

BARRICKMAN & KALTENBACKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original appeal and reversing on cross-appeal.

Plaintiff, James E. Wills, brought this suit against his wife, Lena May Wills, for a divorce on the ground of abandonment and for the custody of their infant child. The defendant filed an answer and counter-claim denying the allegations of the petition and asking. a divorce from plaintiff on the ground of cruel and inhuman treatment. It appears that prior to the present action defendant had sued plaintiff for a divorce on precisely the same grounds relied on in her counter-claim and the divorce was denied. By reply in this action, plaintiff pleaded the judgment in the former action denying defendant a divorce in bar of her right to a divorce in this action. Defendant asked

for an allowance *pendente lite,* which was denied. On final hearing plaintiff was granted a divorce. Defendant was awarded the custody of the child, a little girl five years of age. Plaintiff was given the privilege of seeing and having the child with him for a portion of each week. He was also directed to pay defendant $10.00 on the first day of every month for the support and maintenance of the child. No fee was allowed to defendant's attorneys. From that portion of the judgment awarding the custody of the child to the defendant and requiring plaintiff to support and maintain the child, plaintiff appeals. From that part of the judgment refusing her temporary alimony and an allowance for her attorneys defendant prosecutes a cross-appeal.

Having in view the welfare of the child, it is the settled practice in this State, in case of divorce, to award the custody of a child of tender years, especially a girl, to the mother, unless it be made to appear that she is not a suitable person. Shallcross v. Shallcross, 135 Ky., 418, 122 S. W., 223; Davis v. Davis, 140 Ky., 526, 131 S. W., 266; Sheehan v. Sheehan, 152 Ky., 191, 152 S. W., 243; Irwin v. Irwin, 96 Ky., 318. On this question a great deal of evidence was heard by the chancellor. It would serve no good purpose to detail it at length. It is sufficient to say that we have given it careful consideration and see no reason for disagreeing with the conclusion reached by the chancellor that the interests of the child would be best subserved by entrusting it to the care of the mother. Nor do we find any reasonable ground for holding that plaintiff should not contribute to the support and maintenance of the child. The child is his. The mother has no estate. He has $2,000.00 and probably $3,000.00. In addition to this, he is making $200.00 a year and his board. Clearly, under these circumstances, the duty of support and maintenance devolves upon the father, and as the sum required to be paid by him is altogether reasonable, whether considered in the light of his financial condition or the necessities of the child, we conclude that the chancellor did not err in ordering him to contribute to the support of the child to the extent fixed by the judgment. Gilbert v. Gilbert, 149 Ky., 639, 149 S. W., 964.

On the cross-appeal it is insisted that the chancellor erred in refusing defendant alimony *pendente lite* and

in failing to require plaintiff to pay her attorneys a reasonable fee for their services to be taxed as costs.

The statute provides:

"Pending an action for any divorce the court may allow the wife maintenance." Section 2121, Kentucky Statutes. This provision does not vest the court with the arbitrary right either to give or refuse temporary alimony. Nor does it give to the wife an absolute right to maintenance, regardless of the facts in the case. It merely vests the court with a sound legal discretion, dependent for its exercise upon the particular circumstances of the case before it. Campbell v. Campbell, 21 Ky. Law Rep., 19. In view of the chancellor's holding that the defendant herself was in fault in abandoning plaintiff and of our concurrence with this conclusion, we are of the opinion that he did not abuse his discretion in refusing to allow the wife temporary alimony.

Section 900 of the Kentucky Statutes is as follows:

"In actions for alimony and divorce, the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault and has ample estate to pay the same."

In construing this section it has been repeatedly held that in all suits for divorce and alimony the husband is bound to pay the costs of the wife, including a reasonable attorney's fee unless two things are made to appear in the action : First, that the wife is in fault; and, second, that she has ample estate to pay the costs. Ballard v. Caperton, 59 Ky., 414; Steele v. Steele, 119 Ky., 466.

Neither the fact that she is in fault nor the fact that she has ample estate to pay the costs is alone sufficient to exempt the husband from the liability imposed by the statute. It is only where there is a concurrence of both conditions that he is exempt. Since, in the present case, it appears that the wife has no estate, it follows that plaintiff is liable for the costs, including a reasonable fee to her attorneys. It remains to determine for what services they should be paid by plaintiff. It appears that in the former suit brought by the wife for divorce and alimony precisely the same grounds, occurring at the same time, which she urged, by counter-claim, in this action as grounds for divorce and alimony, were relied on. For their services in the former action her attorneys were allowed a reasonable fee. We, therefore, conclude that no allowance should be made them in this

action for similar services in attempting to secure a divorce for the wife upon the same grounds that were held insufficient in the former action. However, the wife had the right to resist plaintiff's action for a divorce and to contest the question of the child's custody, which was made an issue in the case and which the court was authorized to pass upon. Section 2123, Kentucky Statutes. For these services alone her attorneys are entitled to a reasonable fee, to be fixed by the chancellor and taxed as part of the costs payable by plaintiff. An allowance is also asked for her attorneys in this court. It is well settled that where the husband and wife have been divorced and the only question involved on the appeal is the custody of their child, the husband cannot be required to pay the wife's attorneys for their services in this court. Thomas v. Thomas, 7 Bush, 665. The basis for this ruling is that the parties do not come to this court occupying the relation of husband and wife, but as independent litigants respecting a matter which might be the subject of controversy between them for years to come, since, under section 2123, Kentucky Statutes, the chancellor, on final judgment in divorce cases, is authorized to make order for the care, custody and maintenance of minor children and to revise or alter the same at any time thereafter upon the petition of either parent. Inasmuch as both the custody and maintenance of a minor child may, under the same statute, be the subject of future controversy between the parties as independent litigants, and since these are the only questions involved on the original appeal, we conclude that the husband should not be required to pay the wife's attorneys for their services in resisting the husband's contentions on the original appeal. However, inasmuch as both the question of temporary alimony and the question of the husband's liability for a reasonable fee to the wife's attorneys are involved on the wife's cross-appeal, we conclude that a small allowance should be made to her attorneys for their services in connection with these matters. Irwin v. Irwin, 21 Ky. Law Rep., 1366, 55 S. W., 199; Steele v. Steele, *supra*. Considering the results of their services in these respects, we conclude that an allowance of $25.00 is reasonable.

On the return of the case the chancellor will allow the wife's attorneys a reasonable fee for their services below on the basis above pointed out.

Judgment affirmed on original appeal and reversed on cross-appeal and cause remanded for proceedings consistent with this opinion.