## Day v. Day.

### (Decided March 16, 1926.)

### Appeal from Whitley Circuit Court.

1. Divorce.—In divorce, welfare of child is controlling factor in determining its custody.

2. Divorce.—On divorce, mother held entitled to custody of nine year old daughter who was delicate and nervous.

3. Parent and Child.—Ordinarily grandparents have no right to custody of child as against its father.

R. L. POPE for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Robert Day and his wife Thelma Day were divorced on the wife's petition by the Whitley circuit court in January, 1918. They had one child, Ruth, then about two years old. By the judgment of the court the wife was given the custody of the child and the husband was adjudged to pay her $10.00 a month for the child's support. Soon after the divorce was granted the divorced wife married George Peace. About two years later the husband married his present wife. In the fall of 1924 George Peace and his wife went to Florida leaving the child, Ruth, with Mrs. Peace's father, Fuller Reeves, and his wife. On February 11, 1925, Robert Day entered a motion in the divorce action that the court modify its previous order and adjudge the custody of child to him and in support of this motion filed affidavits showing the above facts, and certain other facts tending to show that this would promote the welfare of the infant. George Peace and his wife returned from Florida; she filed affidavits showing that they had only gone to Florida for

her health and that she was now living with her father and mother; that the child was backward and her real interest required that she should not be taken from her mother's care.   On the hearing of the motion the circuit court refused to modify its previous order and entered a judgment directing Robert Day to pay $10.00 a month so far as he had not paid it up to that time.   From this judgment he appeals.

In cases of this sort the main consideration is the welfare of the child.   The rights of either parent must give way to the best interest of the child.   The record shows that Ruth has been from her birth a very delicate child; she had convulsions until she was five years old. Since then she has been backward and is still delicate and nervous.   She was nine years old when this motion was made, and in view of all the facts we can not say that the circuit court erred in refusing to take her from the mother at this time.   The order of the court as to her custody may be modified by the court at any subsequent time when conditions have changed.   The grandfather and grandmother ordinarily have no right to the custody of the child as against the father.   The mother is personally the person to whom the custody of the child is committed.   It appears from the record that Peace and his wife are separated and that he objects to the child living with them.   If conditions change the court will modify its order as the best interests of the child may require, but for the present the judgment will not be disturbed.

"In any contest before a court for the custody of minor children, the welfare of the child or children is the matter of chief importance; and the consideration of their welfare will prevail over any mere preponderance of legal right in one or the other party."   20 R. C. L., p. 601.

Judgment affirmed.