## Rachel Middleton v. G. W. Middleton.

(Decided February 18, 1927.)

## Appeal from Harlan Circuit Court.

1.  Divorce—There Can be no Final Judgment as to Infant Children, in Divorce Case.—In divorce suit there can be no final judgment as to infant children of parties, since they were not parties to action and were incapable of making any binding agreement.

2.  Divorce—Chancellor Should Redocket Divorce Case to Provide for Minor Children, Where Income for Their Support Dropped from $100.00 to $25.00 Per Month (Ky. Stats., Section 2123).—Chancellor, who permitted divorce case to go off docket, should redocket it, at request of wife, to end that minor children may be properly provided for, where income from property set aside for their support dropped from $100.00 to $25.00 per month, in view of Ky. Stats., section 2123.

3.  Divorce—Court Should Retain Divorce Case on Docket so that Orders as to Children May be Modified, if Necessary, but if Permitted to go Off Docket it May be Redocketed for Such Purpose.— Proper practice in divorce case is for court to retain case on docket to end that he may make such modification of orders as circumstances call for, but where he inadvertently permitted it to go off docket either parent may, by notice to the other, have case redocketed to end that minor children may be properly provided for or orders as to custody modified.

R. L. POPE and F. L. HUFF for appellant.

LEE & SNYDER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant and appellee were married in 1901. In 1921 appellee (husband) instituted an action for divorce. The wife counterclaimed, and in 1922 was granted a divorce from her husband, and the custody of their seven living children, all of whom were then infants.

The judgment of divorce sets forth an agreement between the husband and wife whereby the latter had accepted in satisfaction of her claim for alimony a conveyance to the home where she lived, and also four houses and lots adjoining the same and certain personal property. Then on the question of maintenance and education of the seven infant children it is further provided:

"And as a further consideration for the maintenance and education of said children the plaintiff

(husband) has this day conveyed to defendant during her life, and at her death to her children as a result of her marriage to the plaintiff, two other lots of land, including the commissary building, which is leased to the Harlan Co-operative Coal Company, and which lease was also assigned to the defendant by plaintiff on this day, the rental to be collected by defendant, same to be used for the maintenance and education of said children, and this agreement is now made the judgment of the court.''

In the judgment the cause was striken from the docket.

In August, 1925, after written notice to the husband, the wife entered her motion in the Harlan circuit court to redocket the action and for a modification of that part of the judgment providing for the maintenance and education of the infant children, and in support of that motion filed her affidavit and that of two others, and in addition tendered an amended petition.

Her affidavit discloses that at the time of the entry of the judgment providing for the maintenance and education of the children the commissary building therein referred to had been leased by her husband to the Harlan Cooperative Coal Company for a term of 25 years, at a cash rental of $100.00 per month, and that pursuant to the judgment she proceeded to collect said rent for a few months, and which amount was at the time reasonably sufficient to educate and provide for said children; but that soon thereafter the Harlan Co-operative Coal Company became heavily involved and ceased to function, and she was no longer able to collect said rental for the benefit of her children. And that said corporation was thereafter thrown into bankruptcy and she was unable to realize any further rental therefrom, and that the income from that source has ceased and that it is no longer of any value to her or her children. except that since the said company ceased to function she has been able to rent the same for $25.00 per month and no more, and that said property will probably never yield any greater income. She states that the $25.00 per month is wholly inadequate for the support and maintenance of her said children, and that they have no other means with which to supply the former income. She states that she is now past middle life, and by no means a strong woman, and has not sufficient income or property of her own to support and care

for herself and her infant children, and that unless the said judgment is modified and the husband required to make additional provision for the education and support of his children in lieu of such former income, the said infant children can not be maintained or educated according to their station in life in view of their father's financial standing and ability. She then states that the husband is a strong and able-bodied man, and has no one dependent upon him for a support except a wife whom he has recently married and that he is worth at least $150,000.00

In the amended petition tendered, in addition to the facts set forth in the affidavit, she alleges that at the time the deed was made and the judgment entered, it was contemplated and understood between her and her husband that she would realize from the said property the sum of $100.00 per month rent for 25 years for the support and maintenance of their children, five of whom are still infants and have no income or support except the rental of $25.00 per month referred to in the affidavit. She alleges that the cost of living is such that it is impossible for her to feed, clothe and educate said infant children upon that meager income, and that $125.00 per month additional provision by the husband for such purposes would be a reasonable sum in the light of his estate and income. She alleges that he is worth $150.000.00 and has a minimum royalty of $200.00 per month from one coal operation, and that the actual royalty will on the average far exceed that sum, and that he is in addition the owner of 25 or 30 dwelling houses, stores and office buildings from which he receives a rental of at least $150.00 or more per month, and has other valuable farms and coal lands. She prays for an allowance of $125.00 per month for the maintenance and education of her five infant children.

The other two affidavits filed with the motion disclosed that the husband was worth from $100.000.00 to $125,000.00.

The court refused to redocket the case for hearing and refused to make additional allowance for the infant children, and from such order and judgment this appeal is prosecuted.

The record does not disclose the ground upon which the action of the chancellor was based, but we gather from the briefs that it was based upon either his opinion

that the judgment as to support and maintenance of the infant children was a final judgment, and could not be placed upon the docket again for further orders, but that it was necessary to file a new action setting up the facts relied upon for a modification of the allowance; or, that the judgment being practically an agreed judgment is not subject to be reopened for readjustment or modification.

In the first place from the nature of things there could have been no final judgment as to these infant children. They were not parties to the action, and were incapable of making any binding agreement if they had been. In the next place section 2123, Ky. Stats., specifically provides that in suits for divorce the court may make orders for the care, custody and maintenance of the minor children of the parties, and in addition plainly provides that at any time thereafter, upon petition of either parent, the court may revise and alter its orders and judgments for such care, custody and maintenance, having always the interest and welfare of such children principally in view. In other words, it is a statutory recognition of the fact that a chancellor can not in a divorce action finally and irrevocably fix the status or custody of the couple's infant children, but must always in the interest of such children have it within his power to modify or change any order for their custody or maintenance which may grow out of the changed conditions arising after the entry of the original order. Clearly an allowance of a few dollars per month for the care and custody of a small infant against a wealthy and prosperous father would be wholly inadequate for such infant when that child should reach the age when children of such parents usually are sent to college to acquire a classical or business education. The manifest purpose of the statute was to always keep it in the power of the chancellor upon the application of either parent to change or modify its orders as to custody, and change and modify such orders as to allowances for maintenance and education when the changed conditions justify it.

In this case we have an affluent father divorced from his wife, and that wife adjudged the custody of seven infant children; he sets apart certain property the income from which is to be used in their maintenance and education. Not long after the entry of that judgment, because of changed conditions, the income from that property has been reduced by three-fourths, and it was the

very purpose of the statute to permit the chancellor, under such changed conditions, to enter such additional orders as will meet them.

The proper practice in such cases is for the court to retain the case upon its docket to the end that he may make such modification of his orders as circumstances call for. Day v. Day, 168 Ky. 68; Riggins v. Riggins, 216 Ky. 281. But where the chancellor has inadvertently permitted the case to go off his docket, clearly under the terms of the statute either parent may by notice to the other have the case redocketed to the end that the minor children may be properly provided for, or the orders as to their custody properly modified.

It results from what we have said that the chancellor erred in overruling appellant's motion to redocket the case, and in refusing to permit her to file the amendment, and the judgment is reversed with directions to redocket the case, permit the amendment to be filed, and for a hearing upon the application for a new allowance.