## Skidmore v. Skidmore.

(Decided Nov. 15, 1935.)

328

W. A. BROCK for appellant.

FORESTER & SHEHAN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In January, 1920, appellant and appellee were married and lived together as husband and wife until August, 1933. Shortly thereafter, their separation caused (as claimed by appellant) by her husband's continued mistreatment and threats of personal harm against her, she instituted this action in the Harlan circuit court to obtain a divorce, alimony, custody of her children, and attorney's fee. The ground of divorce upon which she relied was cruel and inhuman treatment for more than six months, indicating on the part of the defendant a settled aversion to her, and permanently destroying her happiness. Kentucky Statutes, sec. 2117.

The husband denied the averments of the petition, and in the second paragraph of his answer alleged that the cause of their domestic trouble, resulting in his wife's leaving his home in August, 1933, was the wife's charged participation in a conspiracy entered into between her son-in-law and others to rob him in the prior January, 1933, and in pursuance of which it appears the said named parties had robbed him of $2,600 which he at the time was carrying on his person. For the commission of this offense the said named conspirators had been apprehended, confessed, and were convicted.

The defendant alleged that appellant had from such time become hostile to and quarrelsome with the appellee because he had refused to withdraw his prosecution of her son-in-law, George Day, for his part in this conspiracy and robbing of him.

These charges made as to appellant's cooperation with her son-in-law in this conspiracy for her husband's robbery were stoutly denied by appellant and found to be clearly without support under the proof later introduced.

Upon the issues joined and proof taken, upon final submission the chancellor found the allegations of plaintiff's petition fully substantiated and the proof ample to sustain her grounds relied on for divorce. Upon such showing, the appellant was entitled to alimony as a matter of right. Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195; Moore v. Moore, 231 Ky. 829, 22 S. W. (2d) 251; Asbury v. Asbury, 221 Ky. 744, 299 S. W. 723. The proof further showed that at the time of the marriage of these parties, the appellant was then some twenty-five years of age and the appellee some thirty-two years of age, and that they thereupon went to live on a portion of the farm of appellee's father, where they lived together as husband and wife for some thirteen years in reasonable happiness and domestic comfort, and during which period they both so industriously worked the farm as to enable them to both gain a comfortable family living and also to frugally lay by a considerable annual saving from the sale of its surplus products, uncalled for by the needs of their rapidly increasing family.

Also the evidence shows that during this thirteen-year period, eight children were born to them as the issue of their marriage, to wit: Wilder, aged twelve years; Viola, aged ten years; Louis, aged nine years; Howard, aged seven years; Liddie, aged six years; Emily, aged four years; Claude, aged three years; and Francis, aged 17 months; and also that the appellant was at the time of the institution of this suit some four or five months pregnant with another child, later born to her in January, 1934.

Upon submission of the suit for judgment, the court at its November term, 1933, adjudged that the parties be divorced from the bonds of matrimony; that the plaintiff have the care and custody of their then

youngest infant child, Francis and also have, after its expected birth, the care and custody of the then unborn child, and both of which the defendant would at reasonable times be permitted to visit; and, further, that the defendant should have the care, custody, and control of their seven other children, ranging in age from three to twelve years, as hereinabove named, with the right given plaintiff to see and visit them at reasonable times. Further, it was adjudged that the plaintiff should recover from the defendant, for the support of herself, and the two babies adjudged her, the lump sum of $700 and attorney's fees of $100.

The plaintiff, complaining of this maintenance allowance as insufficient for their support and further that the court erred in refusing her custody of other of the younger infants, whose custody was awarded the husband, prosecutes this appeal, asking our review of the proceedings and a modification of the judgment in the particulars complained of, by directing an award to her of the custody and control of all the children and that a reasonable further allowance be adjudged her for their better support.

The facts as shown by the record are: the appellee is now some forty-five years old; that together with his wife, he works upon the farm of his father, from which he earns both a good family living and in addition, has been enabled to make an annual cash saving therefrom; and that he now possesses some $2,600 cash savings, work stock, cows, hogs, and other property made by the joint labor on the farm of himself and appellant. Also it is shown that appellant has no estate or income other than some $1,800 remaining of the compensation awarded her, prior to her marriage to appellee, for the accidental death of her first husband.

Now looking to the disposition of the claims here presented, it may first be observed that the decree of divorce here granted the appellant is of course irreversible. Ramey v. Ramey, 224 Ky. 398, 6 S. W. (2d) 470; Blackburn v. Blackburn, 208 Ky. 690, 271 S. W. 1037; McKinney v. McKinney, 185 Ky. 315, 215 S. W. 34. But we are, as an appellate court, nonetheless authorized to review the record for the purpose of determining the propriety of the support allowance made and the chancellor's award and division of the custody of the children between their divorced parents. Caudill v. Cau-

dill, 172 Ky. 460, 189 S. W. 431; Campbell v. Campbell, 233 Ky. 423, 25 S. W. (2d) 1013. As to this, it is sufficient to say that we have carefully examined the record and are of the opinion that the chancellor was fully warranted in granting the appellant a divorce and alimony and that our only doubt remaining as to the propriety of the decree is as to his confining the award to the mother of the custody of only the two youngest of these children and in awarding the youngest of the other children, who are of the very tender ages of three, four, and six years, to the father rather than to the mother, with the direction that a reasonable monthly allowance be paid the mother by appellee towards their maintenance and support, together with that of the two babies intrusted to her care. It may be conceded as the rule that the father is generally held entitled to the custody of his infant children upon the principle resulting from his obligation to maintain, protect, and educate them, duties thrown upon him by the law of nature, as well as of society, which he is not permitted to disregard, and which generally he could not conveniently discharge if the objects of those duties were withdrawn from his control. This right, however, is neither unlimited nor inalienable. 9 R. C. L. sec. 285, p. 471. For this rule in its application must yield to the fundamental principle declared by the courts of all jurisdictions, that in determining to which of the parents the custody of children should be awarded, the controlling and paramount consideration of the court should be the welfare of the children. Purcell v. Purcell, 197 Ky. 627, 247 S. W. 760; Irwin v. Irwin, 105 Ky. 632, 49 S. W. 432, 20 Ky. Law Rep. 1761; Davis v. Davis, 140 Ky. 526, 131 S. W. 266; Colson v. Colson, 153 Ky. 68, 154 S. W. 380; Day v. Day, 213 Ky. 562, 281 S. W. 493; Riggins v. Riggins, 216 Ky. 281, 287 S. W. 715; Evans v. Evans, 232 Ky. 155, 22 S. W. (2d) 578; Preston v. Preston, 227 Ky. 561, 13 S. W. (2d) 751. Further, guided by this consideration, we have repeatedly held that on the granting of a divorce, the custody of very young children should and will generally be awarded the mother upon the ground of its being best calculated to secure their happiness and wellbeing. Fletcher v. Fletcher, 54 S. W. 953, 21 Ky. Law Rep. 1302; Wills v. Wills, 168 Ky. 35, 181 S. W. 619; Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119; Simmons v. Simmons, 194 Ky. 300, 238 S. W. 744; Meadors v. Meadors, 213 Ky. 397, 281 S. W. 180. Further, it is

the equally well-established rule that the court may modify its order or decree as to the custody of a child or children at any time a change of circumstances occurs making advisable such change. Duvall v. Duvall, 147 Ky. 426, 144 S. W. 78; Stiles v. Stiles, 224 Ky. 526, 6 S. W. (2d) 679; Jasper v. Tartar, 224 Ky. 834, 7 S. W. (2d) 236.

Further, out of regard to this well-settled rule that the welfare and best interest of infant children is the main consideration and first concern of the court in making provision for the custody of children of divorced parents, the rule, looking to the realization of such end, is further that there can be no final judgment made as to the support or custody of infant children in divorce cases, but rather judicial responsibility is a continuing one, *mutatis mutandis*. Middleton v. Middleton, 218 Ky. 398, 291 S. W. 359. A judgment awarding custody to the one parent or ordering a divorced husband to pay wife for support of child or children may be opened at any time upon a showing made of changed conditions, and appropriate orders therefor or for additional allowances made. The lower court has a continuing jurisdiction in divorce cases and may revise its order for the custody of its infant wards in such way as serves to promote their welfare and meet their necessities, and to such end courts should retain divorce cases on the docket so that their orders as to the support and care of children may be appropriately modified, if found necessary. Middleton v. Middleton, supra; Parks v. Parks, 209 Ky. 127, 272 S. W. 419. Also, looking to their welfare as being the court's chief consideration, this court is fully authorized, where it concludes a wrong disposition of children is made in a divorce suit among parents, to so modify such decree as to better conform it with the happiness and welfare of the children. King v. King, 214 Ky. 171, 283 S. W. 73.

The appellant is here asking a review of the record, wherein she has been granted an absolute divorce, only for the purpose of our determination of whether the custody of the children of these divorced parents has been rightly awarded and divided between them, or in keeping with the best interests of the children, and, further, as to whether the alimony allowance made appellant is sufficient and reasonable under the circumstances and situations of the parents as here shown.

It may be conceded that the disposition here made of the children by the learned chancellor's decree was one directed and considered as effecting the best interests of the children in the court's discretion, upon the ground that better support would likely be furnished them by the father, when living on the farm with his parents, than he would be able to furnish them if they were awarded the mother with direction that he make a monthly money contribution to her for their support. However, it is questionable if such supposed advantage to these children (especially those shown to be of extremely tender age), even if resulting in receiving better material support, is sufficient to offset the sympathetic care and timely ministrations and teaching given by an attentive and loving mother, such as we are inclined to regard the appellant is here by the evidence shown to be. In this case, plainly the father is better prepared in a material way to care for, clothe, and educate these children than is the mother, yet the poverty of the mother in a divorce proceeding is no reason for refusing to give her the custody and control of her children of tender age. Rietmann v. Rietmann, 168 Ky. 830, 183 S. W. 215.

The governing principle by which the court must be guided in determining the custody of a minor child is the welfare of the child (Hersey v. Hersey, 271 Mass. 545, 171 N. E. 815, 70 A. L. R. 518; 48 A. L. R. 137; Glass v. Glass, 260 Mass. 562, 157 N. E. 621, 53 A. L. R. 1157; Meadors v. Meadors, 213 Ky. 397, 281 S. W. 180); and as said in Kenner v. Kenner, 139 Tenn. 211, 201 S. W. 779, L. R. A. 1918E, 587. The dominant thought is that children are not chattels, but intelligent and moral beings, and that, as such, their welfare and happiness are of first consideration. The fact that a child would have better prospects in the custody of his father than in that of its mother, and that the father is earning money, while the mother is not, is not a controlling factor in determining the question of custody, if all its material needs can be supplied, under proper provision made therefor, while yet remaining in the mother's custody. The father is the natural guardian of the child, but for nurture only. Differently phrased, he is the trustee for the child, to protect, rear, and train it for the duties of life. Kenner Case, supra.

Upon the record before us, while it is a matter involved in some doubt, we lean to the view that it is the

appellant's right to have the custody of the two or three of the youngest of these seven children awarded the father, upon the ground that their welfare would be best served in receiving the necessary care and attention of the mother and in recognition of the principle that it is the tendency of courts for such reason to give the care of the children of a marriage, where the parents are divorced, into the custody of their mother whenever she is found worthy of the trust. Stephens v. Stephens, 194 Ky. 180, 238 S. W. 380; Shallcross v. Shallcross, 135 Ky. 418, 122 S. W. 223; Campbell v. Campbell, 209 Ky. 571, 273 S. W. 26. "Moreover, it is provided by section 2123, Ky. Stats., that the court in divorce proceedings may make an order for the care, custody, and maintenance of minor children, and at any time afterwards, on the application of either parent, may revise the same, having in all cases the welfare of the children principally in view." Meadors v. Meadors, 213 Ky. 397, 281 S. W. 180, 182; Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290; Robinson v. Robinson, 250 Ky. 488, 63 S. W. (2d) 605.

The court may well so form its decree as to award to these children, or to the youngest of them, the advantage found in the mother's care and keeping of them and also provide for their material support and maintenance by directing that the father shall contribute a monthly payment to the mother for or towards their support and maintenance.

However the question as to the propriety of the chancellor's award of the custody of children, and also the amount of alimony to be allowed in each case, is a problem not easily determined, and deference is due the decree of the chancellor, who is presumed to know the needs and capacity of the wife, as well as the ability and resourcefulness of the husband to pay, which is not to be determined alone by the property possessed by the husband, but many other factors and circumstances must be considered as entering into the solution of the problem; among them, the size of the husband's estate, his income and earning capacity, his age, health, and ability to labor, prospects and standing, which must all be considered. Lewis v. Lewis, 204 Ky. 5, 263 S. W. 366; Kelly v. Kelly, 183 Ky. 172, 180, 209 S. W. 335; Sparks v. Sparks, 215 Ky. 508, 284 S. W. 1111.

Influenced by all of these considerations and being

desirous of giving due deference to the decree of the chancellor, who, as stated, is presumed to know better than we the circumstances and conditions of the parties and as carefully regarding the interests and welfare of these children as still in his hands, we are, under the circumstances, constrained not to disturb the present provisions of the decree as to the custody of the children and the apparently small award made for the support of the children and appellant, and are led to now direct only that the case be continued on the docket, to the end that should conditions as to the needs and welfare of the children be made to appear not to be properly cared for under the present arrangement, or are shown in the future to have changed, or their best interests not to have been realized and met by the provisions of the decree made, the decree will be so modified and changed in keeping with the views and principles hereinabove announced as will more appropriately realize their greater welfare or helpfully meet such changed and adverse conditions as may be shown to have arisen.

Judgment affirmed.