## Wilson v. Talmadge

*Stradley, Ronon, Stevens & Young*, for plaintiff.
*E. F. Goldhaber*, for defendant.

SMITH, P. J., March 11, 1946.—This matter comes before this court on plaintiff's motion for a judgment for want of a sufficient affidavit of defense.

Plaintiff, a resident of Louisville, Ky., has instituted an action against defendant, a resident of Philadelphia, Pa., and in her statement of claim avers that "on June 22, 1928, by a judgment of the Jefferson Circuit Court, Chancery Branch, Second Division, Kentucky, it was adjudged that plaintiff and defendant were divorced from the bonds of matrimony . . . that plaintiff be awarded the care and custody of their infant female child . . . and that plaintiff recover of defendant her costs including $15 per week for the support of the said child . . . said payments to begin as of the date of the judgment, for all of which she may have execution." A true and correct copy of the record of the action and judgment was attached to the statement of claim, made a part thereof and was exemplified by the proper authorities of the State of Kentucky.

The statement of claim further avers that the said judgment is in full force and effect and that although defendant has frequently been requested, he has failed to pay to plaintiff the sums ordered for the support of the minor child, or any part thereof, and that he is indebted to the plaintiff as of June 22, 1945, for 17 years' support at the rate of $780 per annum, or a total of $13,260, with interest at six percent per annum.

Plaintiff also claims judgment in our jurisdiction under the said judgment of Kentucky in the amount of $15 per week, with interest at six percent per annum beginning June 22, 1945, to the date of the judgment herein. The exemplification of the Jefferson Circuit Court of Kentucky of June 22, 1928, bears the date of June 23, 1945.

The affidavit of defense admits the judgment of the Jefferson Circuit Court of Kentucky, but avers that as advised by counsel:

First, that it is not a final judgment under the laws of the State of Kentucky;

That it is not entitled to full faith and credit under the laws of the State of Pennsylvania or the laws of the United States;

That he is advised by counsel that under the laws of Kentucky, the said judgment is barred by the statute of limitations (15 years);

That defendant has not been requested to pay the amount claimed or any part thereof and denies liability thereon.

The primary question to be decided is whether the judgment of the court of Kentucky in this case is entitled to full faith and credit in the courts of Pennsylvania. It is the contention of defendant that since by statute, the court of Kentucky having this case originally within its jurisdiction may vary, alter or modify its decree, the judgment is not a final judgment and is not entitled to full faith and credit under the clause of the Constitution of the United States.

We will concede that unless the judgment of June 22, 1928, of the Jefferson Circuit Court of Kentucky is a final judgment, it will not support an action in the courts of our Commonwealth: A. L. I. Restatement of the Conflict of Laws, paragraphs 434, 435.

This case is controlled by the law and the decisions of the original jurisdiction. We believe that it has been determined by the courts of that State that a judgment in the nature of this one is a final judgment. We therefore believe that it is entitled to full faith and credit in the Commonwealth of Pennsylvania. The jurisdiction of the courts of Kentucky over matters of divorce and support is granted by statute and any authority to modify or amend its judgment must be found in the statute itself.

In Baldwin's Kentucky Revised Statutes, section 403.070, it is provided:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties and any of their children of unsound mind. At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children."

It may thus be seen that this statute had in mind any changing conditions insofar as they might affect the interest and the welfare of the children in the future. This statute contains no provision giving the court authority to alter, amend or modify any decree or judgment having a retroactive effect. The power and the jurisdiction so granted to the court is clearly expressed by the statute and any other construction placed upon its meaning would be unjustified and improper. This statement as made seems to be confirmed by the opinions of the courts of Kentucky. In the case of Middleton v. Middleton, 235 Ky. 395, 31 S. W. (2nd) 615, it was held:

" 'The manifest purpose of the statute was to always keep it in the power of the chancellor, upon the application of either parent, to change or modify its orders as to allowances for maintenance and education when the changed conditions justify it'. 218 Ky. 401, 291 S. W. 359, 360.

"But, although the court had authority to modify the judgment, having the interest and welfare of the children principally in view, the judgment remained in force as long as it was acquiesced in by both parties, and determined their rights. . . .

". . . The court could modify the judgment as to the future, but not as to the past, on the facts shown."

Since the statute of the State of Kentucky does not give the circuit court, having jurisdiction over divorces and support, the right to amend or modify a judgment

for the instalments then due and owing, this judgment up to the time it has not been reversed or altered or amended by the court, is a final judgment of that court.

In Salus v. Fogel, 302 Pa. 268, 270, Mr. Justice Walling said:

"The general rule that a judgment entered adversely upon a question of law found by a court or upon a a question of fact found by a jury becomes final, when the term ends in which it was entered, is supported by such a multitude of authorities, both English and American, that it cannot be shaken; . . ."

It would thus appear that while within the terms of the provisions of the statute of Kentucky the court may revise—look at again—the judgment of the court, for the purpose of altering or modifying the order as appears for the best interest of a minor, it is quite clear that the laws of Kentucky, which are more or less similar to the laws of the different Commonwealths generally, do not give authority to the court to alter or change the judgment of the court for those instalments which at the time are due and payable.

In Stewart v. Stewart, 127 Pa. Superior Ct. 567, 576, plaintiff, a nonresident in an action for divorce in the State of Florida, was awarded alimony at a stated amount per month. The statement of claim carried with it the record of the proceedings in the court in Florida. Defendant denied the jurisdiction of the Pennsylvania court. The court in an opinion by Judge Stadtfeld, said:

"The reservation of jurisdiction for the purpose of settling future questions in reference to alimony and suit moneys does not change the character of the decree as a final decree. The reservation of jurisdiction is for one purpose only, namely, 'for the purpose of settling any future questions involving the same' (alimony and suit moneys).

In quoting from Roche v. McDonald, 275 U. S. 449, 451, 453:

"It is settled by repeated decisions of this court that the full faith and credit clause of the Constitution requires that the judgment of a state court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the state where it was rendered, and be equally conclusive upon the merits; . . ."

The statutes and the cases of the State of Kentucky have been examined and nowhere is there found any statute authorizing the court to alter its decree insofar as past instalments are concerned. In the case of Boehmer v. Boehmer, 259 Ky. 69, 82 S. W. (2nd) 199, a husband upon whom an order of support had been made, filed a petition eight years thereafter, setting forth the fact that his former wife had remarried and asking that a decree, ordering him to pay $10 a week alimony and maintenance for the infant child, be modified. The wife then filed a petition to collect the past instalment due. When appealed, the court stated that "the weight of authority is to the effect that installments of alimony become vested when they become due, and that the court is without power to modify past-due installments . . . and we are inclined to adopt the majority view".

In the case of Sistare v. Sistare, 218 U. S. 1, the Supreme Court of the United States, in a very learned and comprehensive opinion by Justice White, considered this class of case under the full faith and credit clause of the Constitution. Mr. Justice White clearly set forth the rule which prevails. He discussed two former cases that had been decided: Lynde v. Lynde, 181 U. S. 183, which came up on appeal from a New Jersey decree, and Barber v. Barber, 21 Howard 582, which came up on an appeal from the State of New York. It appears that in the case of Barber v. Barber, the law which the Supreme Court supported on appeal, Hulda Barber secured a separation from Hiram Bar-

ber, her husband, and the court in that State directed the payment of alimony in quarterly instalments. Although the separation was decreed to be forever, the power to modify the decree was reserved by a provision that the parties might at any time thereafter by their joint petition, apply to the court to have the decree modified or discharged. The facts show that the husband failed to pay any of the alimony and then removed from the State of New York to Wisconsin where he procured an absolute divorce from his wife. Subsequently thereafter, Mrs. Barber brought an action against him in the State of Wisconsin for the alimony overdue and payable. The proceedings culminated in a decree in favor of plaintiff for the amount of alimony in arrears at the time of the commencement of the suit in Wisconsin. An appeal was then taken by her husband to the Supreme Court of the United States and the decree of the New York court was affirmed. It was stated by Mr. Justice White (p. 13) :

" 'Alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record until the decree has been recalled, as any other judgment for money is.' And it is, we think, clear from the context of the opinion that the court held that the decree in favor of Mrs. Barber operated to cause an indebtedness to arise in her favor as each installment of alimony fell due, and that a power to modify, if exerted, could only operate prospectively."

The opinion goes on to say (p. 16) :

"First, that, generally speaking, where a decree is rendered for alimony and made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, . . ."

Attention was then called to the provisions of the Civil Code of New York which is very similar to that

of the State of Kentucky. Mr. Justice White stated (p. 20):

"In considering the meanings of these provisions it must be borne in mind that the settled rule in New York is that the courts of that State have only the jurisdiction over the subject of divorce, separation and alimony conferred by statute, and that the authority to modify or amend a judgment awarding divorce and alimony must be found in the statute or it does not exist: Erkenbrach v. Erkenbrach, 96 N. Y. 456, 463; Livingston v. Livingston, 173 N. Y. 377."

The New York statute to which reference has been made, provides as follows:

"The court may, by order upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, vary or modify such directions."

Mr. Justice White, on p. 22, stated:

"But it is equally certain that nothing in this language expressly gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it. The implication, however, which arises from the failure to expressly confer authority to retroactively modify an allowance of alimony is fortified by the provisions which are expressed. Thus the methods of enforcing payment of the future alimony awarded provided by the statute, all contemplate the collection and paying over as a matter of right of the installments as they accrue as long as the judgment remains unmodified, or at least until application has been made or permission to make one in pursuance to the statute has been recorded."

On page 24, Mr. Justice White stated:

". . . we think it becomes quite clear that the mere enlargement of the power of the court so as to permit modification of the allowance for alimony upon the application of the husband did not confer the authority to change or set aside the rights of the wife in respect to installments which were overdue at the time application was made by the husband to modify the decree."

And then, in quoting from 82 App. Div. 65 (N. Y.) it is stated:

" 'It may, we think, be given full force and effect by ascribing to the legislature the intention of authorizing the courts to vary or modify the allowance of alimony from the time of the adjudication that such variation or modification is proper without making the same retroactive.' "

We will repeat in the case at bar, the judgment of the Circuit Court of Kentucky has not been appealed from; it has been acquiesced in by the parties and therefore we believe it has determined their rights up to the present action before us. Since this matter is controlled by the laws of the State of Kentucky, the Act of June 19, 1939, P. L. 440 in no way affects the question raised. It will be remembered in Commonwealth ex rel. Martin v. Martin, 134 Pa. Superior Ct. 345, 347, 348, Judge Keller, in a case where the Municipal Court of Philadelphia remitted arrearages which had accrued under a valid order of support of that court in favor of a wife and children or either of them, said (on pp. 347-348):

"While the amount to be paid under the order is subject to change as future circumstances and events may warrant, (*Com. ex rel. Isaacs v. Isaacs*, supra; *Com. ex rel. Iacovella v. Iacovella*, supra; *Com. v. Jones*, 90 Pa. 431, 433; *Com. ex rel. Berardino v. Berardino*, 99 Pa. Superior Ct. 532, 535; *Com. ex rel. Snyder v. Snyder*, 120 Pa. Superior Ct. 189, 182 A. 62; *Com. ex rel. Nolde v. Nolde*, 105 Pa. Superior Ct. 334, 161 A. 450;

*Com. v. McClelland,* 109 Pa. Superior Ct. 211, 167 A. 367), and accordingly, in the sound discretion of the court, may be increased, decreased or revoked, as future circumstances may justify, such action cannot be made retroactive and will not affect the order prior to the date of the amending order: *Com. v. MacMaster,* 88 Pa. Superior Ct. 37; *Keller v. Com.,* 71 Pa. 413, 417; *Com. v. Lowenstein,* 97 Pa. Superior Ct. 424; *Com. ex rel. Herman v. Herman,* 97 Pa. Superior Ct. 453, 457, 458; *Com. ex rel. Singer v. Singer,* 128 Pa. Superior Ct. 223, 226, 193 A. 320; *Com. v. Ehrhart,* 118 Pa. Superior Ct. 293, 297, 298, 179 A. 868. The expression which frequently appears in the reports, that the order is always under the control of the court, relates to changes to be made in the future because of altered conditions. It does not refer to arrearages due and unpaid under the order.

"If the court, which because of a change in circumstances has reduced an order of support, does not have the power to make it apply retroactively so as to affect the weekly or monthly payments which were due and unpaid under the original order at the date of the amending order, it would seem to follow that it does not have the greater power to *remit* the arrearages, in whole or in part, which had accumulated under the original order."

In Pennsylvania, this law as stated by Judge Keller was changed by the Act of June 19, 1939, P. L. 440, which provides in section 1:

"Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."

If the State of Kentucky had an act similar to that of the Act of 1939, the proposition as presented would have to be decided adversely to plaintiff. But since the

case is controlled by the Kentucky law, we are of the opinion that the judgment of plaintiff in this action is a final one and full faith and credit must be given it by the courts of this Commonwealth.

In the case of Commonwealth ex rel. Howard v. Howard, 138 Pa. Superior Ct. 505, 507, Parker, J., said:

"As a general rule 'it is settled law of this State that in the absence of fraud or collusion a judgment or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court.' "

In Evans v. Evans, 232 Ky. 155, 157, it was held that an order determining the custody of children is a final order of the court for the purposes of appeal.

The second major question raised by the affidavit of defense has to do with the statute of limitations. The Act of June 26, 1895, P. L. 375, sec. 1, 12 PS §39, makes it clear that the Kentucky statute of limitations is controlling in a situation of this nature. In Baldwin's Kentucky Revised Statutes, sec. 413.090, it is stated:

". . . the following actions shall be commenced within fifteen years after the cause of action first accrued:

"(1) An action upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof, the period to be computed from the date of the last execution thereon."

We will therefore interpret the statute of Kentucky in the light of the law of that State: Mister v. Burkholder, 56 Pa. Superior Ct. 517.

This court examined the cases in the State of Kentucky for the purpose of finding one that might be analogous to the one at issue. We believe that the law

as enunciated in the case of Sistare v. Sistare, supra, by Mr. Justice White, is applicable where he goes on to say:

". . . where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, etc."

And again where he says:

". . . we think it becomes quite clear that the mere enlargement of the power of the court so as to permit modification of the allowance for alimony upon the application of the husband did not confer the authority to change or set aside the rights of the wife in respect to installments which were overdue at the time application was made by the husband to modify the decree."

There is also the case of Bryson's Administrator v. Biggs, 32 Ky. Law Rep. 159, 104 S. W. 982, where a woman owning a life interest in real estate conveyed the property to a man named Biggs wherein the conveyance recited that the woman was to live on the farm and have her support out of it. This property was later sold by Biggs, who bought another parcel of land. The deed again recited that the woman was to have a home with Biggs as long as she lived. This land was later sold and from 1883 to 1887, the time of her death, the woman lived with various relatives. At her death, her administrator filed a claim against Biggs for the support which the widow did not receive in the years from 1883 to 1887, and the relatives who had supported the woman claimed against the estate for her support. The facts showed that Biggs had agreed to support the woman as long as she lived and this regardless of whether she lived with him or not. The court held that the widow's administrator was entitled to recover the

instalments due from Biggs for the past five years and stated: (p. 163)

". . . Each year's support was a separate cause of action. At least Mrs. Bryson had the right to sue at the end of each year to recover for the default of that year. When suit was not brought for more than five years from the end of any annual period, the statute is an effective bar to its maintenance."

It would appear by reason and logic that the decree of the court provided for the payment of a support order for each week in the future, and the implication is that it would continue until, in accordance with the provisions of the statute, the order was altered or modified.

In 137 A. L. R. 890, it is stated:

"In most jurisdictions, where a decree or order awards instalment payments of alimony to a wife, or support for children, the statute of limitations begins to run as against each instalment as it becomes due, and only from that time."

Since the statute of the State of Kentucky is for 15 years, a 15-year period of that statute does not bar the instalments which have become due in the 15 years prior to the bringing of this suit, and we therefore are of the opinion that the affidavit of defense is insufficient to bar recovery of the instalments due within that period of time.

## Decree

And now, to wit, March 11, 1946, the rule for judgment for want of a sufficient affidavit of defense is made absolute and the court hereby enters judgment in favor of the plaintiff and against defendant in the amount of yearly instalments for the said past 15 years, to wit, the sum of $11,700 plus interest at six percent per annum to the date of the beginning of this suit, $5,258.25, plus interest at six percent from the date of the suit to the date of the entry of this judgment.