## Simpson v. Simpson.

(Decided March 24, 1922.)

### Appeal from Casey Circuit Court.

1. Divorce—Evidence.—In an action for divorce, while the evidence is not strong enough to support the charge of cruel and inhuman treatment, it is sufficient to support the decree of the chancellor granting a divorce a mensa et thoro.

2. Divorce—Alimony—Evidence—Attorneys' Fees.—In an action for divorce and alimony, evidence examined and held that the allowance for alimony and attorneys' fees reasonable.

JAMES DENTON, W. B. COCHRAN and LESLIE W. MORRIS for appellant.

CHAS. MONTGOMERY and STONE & MOORE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

More than thirty-five years ago appellant, Harrison Simpson, and appellee, Betty Ann Simpson, became hus-

band and wife. To their marriage were born thirteen children, eight of whom are now living. This action was commenced by the wife, Betty Ann Simpson, against her husband for divorce and alimony and the custody of the youngest three children. The chancellor denied a divorce *a vincula,* but granted the wife a divorce *a mensa et thoro,* $3,500.00 alimony and the custody of the youngest child, and allowed attorneys for the wife $350.00 as fees. From this judgment the husband, Harrison Simpson, appeals, and she prosecutes a cross appeal.

He insists that he should have been granted a divorce on his counterclaim in which he charged his wife with lewd and lascivious conduct and adultery. He further insists that the allegations of her petition, in which she charges him with cruel and inhuman treatment, were not supported by sufficient evidence to warrant a divorce. The wife proved by herself and several other witnesses that on one occasion some time before the filing of the suit, when she and her husband were returning from church at night, he became enraged at her because she refused to get in a buggy and ride with him behind a young, wild horse, and cursed, abused, struck and kicked her. The evidence for appellee further shows that the husband was possessed of a bad temper and would frequently speak ill to her, and sometimes curse her. Several of the children, as well as other witnesses, testified that the husband on one or more occasions slapped the wife. This happened at different times along through their married life of thirty-five years. On the day she left home he came into the house, and without giving explanation, ordered her to leave. According to her testimony he said some very ugly things to her on this occasion. When she left, she went to the home of her son, which is nearby, and stayed for a few days. From there she went to a nearby town and obtained employment as a cook and house servant at $3.00 and later at $4.00 per week. When they married she had no property and was only fourteen years of age. He, at that time, had about $1,500.00. They have since accumulated property of much greater value. He owns a farm containing about four hundred acres worth $12,000.00 to $14,000.00. He has quite a lot of livestock, including six mules, several horses, cattle and the like; money on deposit in bank, some notes, and a $500.00 mortgage against a neighboring farm. She has nothing save her ability to work and earn money.

He insists that he fully sustained his charge not only of lewd and lascivious conduct, but of adultery, made against his wife. He says that he did not suspect her of infidelity until about the time he drove her from home. That his little thirteen-year-old daughter confided to him the fact that while he was away from home a man, who had been paying attentions to his wife, came to the house, and her mother suggested to her that she go down in the basement to look for a hen's nest, and that while she was there she saw through a crack in the floor her mother and the man in the room above hugging, kissing and whispering to one another. This is the cause, appellant, Harrison Simpson, says, of his driving his wife from home. Two men are named as co-respondents, one George Smith and the other Marion Simpson, both living in that neighborhood, and of about the same age as appellee. Neither of these men denied the charge although Marion Simpson testified. There is quite a deal of evidence from other persons tending to show that they frequented the home of appellant while he was away, and there is one or more witnesses who testify to actual adultery on the part of the wife. There are some circumstances proven in the evidence which make the guilt of the wife extremely doubtful. The chancellor, who must be presumed to have had some knowledge of the credibility of the witnesses who gave the evidence, did not place any reliance upon this testimony of those who accused her for he rejected appellant's counterclaim and granted a divorce from bed and board to the wife. Perhaps the court should have granted an absolute divorce. This can be done later if the facts in the opinion of the chancellor warrant it. While we do not regard the evidence as strong in support of appellant's charge of cruel and inhuman treatment, yet it is sufficient to support the decree of the chancellor. We do not reverse the decree of a court of equity on a finding of fact unless it is against the weight of the evidence. In this case we cannot say that it is. 89 S. W. 114; 30 Ky. L. R. 383; 31 Ky. L. R. 956.

Complaint is made not only of the allowance of alimony but the amount thereof. As the estate of appellant, Harrison Simpson, amounts to $20,000.00 or more, we do not think the allowance of $3,500.00 to the wife, who helped to make it, an unreasonable sum, nor do we think the attorney fee of $350.00 allowed her counsel too great when we consider the record involved and the work done.

The order entered by the chancellor concerning the custody of the children, with opportunity to the other parent to visit and see them, is not unreasonable.

Finding no prejudicial error the judgment is affirmed both upon the original and cross appeals. Whole court sitting and concurring.

Judgment affirmed.