## Adkins v. Adkins.

(Decided February 16, 1926.)

Appeal from Lawrence Circuit Court.

1. Divorce—Judgment of Divorce for Cruelty Not Objectionable on the Ground that Parties had Not Lived Together for Six Months, where Cruelty Continued After Parting.—A judgment of divorce on grounds of cruelty for over six months, as required by Ky. Stats., section 2117, is not objectionable on the ground that cruelty had not continued for six months, in that parties had not lived together that long, where petition averred that cruelty by husband continued, though they did not live together.

2. Divorce—After Divorce from Bed and Board, Court May Grant Absolute Divorce and Change Allowance to Wife and Child.— Court retains jurisdiction to modify its judgment of divorce from bed and board by granting an absolute divorce and increasing or diminishing allowance to wife and child, if status of parties changes.

3. Divorce—Court Must Make Reasonable Allowance to Wife, if Husband at Fault—Court May Attach Property to Secure Alimony. —In wife's action for divorce, if evidence shows husband to be at fault, court must make reasonable allowance for wife's support, taking in consideration property owned by husband and his ability to earn money, and it was proper to permit an attachment of husband's deposit in bank to pay costs and attorney's fees, and to order collection of notes due husband and retention of one-third

ot proceeds as security of further alimony, balance to be paid to husband.

C. F. SEE, JR., for appellant.

CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this divorce proceeding were married in August, 1922, separated in February, 1923, sued for absolute divorce in March, 1923, and a divorce from bed and board only, with attorney's fee and alimony, were granted the wife a few months thereafter. The grounds relied upon for divorce by the wife were cruel and inhuman treatment, continuing for more than six months. The husband answered and denied the cruel treatment and averred that she had provoked him and had thus brought about many quarrels. By reply she traversed the affirmative averments of the answer. Later she filed two amended petitions, in the first of which she averred that she was pregnant with child by her husband and had no property or income except such as she was able to obtain by her labor, and that her condition rendered it impossible for her to take employment at that time, and asked for a *pendente lite* allowance, which was granted. The second amendment set up the fact that a daughter had been born to her, giving its name, with the averment that the husband had not provided anything for the support of her and the child. All this was traversed by answer. The case was prepared by taking proof, and the cause was then submitted to the court for judgment. A decree was entered granting the wife a divorce from bed and board only, awarding her $40.00 per month alimony and maintenance of the child, and additional attorney fees and cost. The husband appeals, asserting that the judgment was not warranted because the cruelty had not continued for as much as six months, as required by section 2117, Kentucky Statutes, the parties not having lived together but five months and 17 days. This overlooks the fact manifested by the averments of the amended petitions that the cruel and inhuman treatment was continued by the husband towards the wife even though they did not live together. The wife testified and was supported in part by other evidence that the husband struck, beat, bruised and choked her on different occasions; that he fired shots around her feet and threatened

to kill her·; that he drank intoxicating liquors to excess and finally engaged in the liquor business by causing it to be manufactured and sold. It was alleged and proven by the wife that the husband owned a small farm in Pike county, that he owned one land note of $1,800.00, and another note of about $460.00, and had on deposit in bank about $275.00. The money in bank was paid into court under order to be distributed in the payment of the cost and attorney fees. The court also directed that the notes be collected and after payment of cost and alimony then due, one-third should be retained by the clerk for the security of future alimony for the wife and support for the child and the balance be paid to the husband. It is of this part of the judgment that appellant chiefly complains, although he insists that he should have been decreed an absolute divorce, and that a divorce from bed and board alone is inequitable under the facts. The court retained jurisdiction of the parties and of the subject matter and may, if it sees proper at a later date, modify its judgment by granting an absolute divorce, and it may increase or diminish the monthly allowance to the wife and child if the status of the parties should change. We think the pleadings as well as proof support the judgment. The grounds for attachment were, under the pleadings and proof, properly sustained.

It was the duty of the court if it found from the evidence that the husband was in fault to make a reasonable allowance to the wife for her support and maintenance, the ability and property of the husband considered. In arriving at the conclusion stated above the court properly took into consideration the amount of the property owned by the husband, including money on deposit, notes and other securities, as well as his ability to earn money.

Finding no error to the prejudice of the rights of appellant the judgment is affirmed.