### Simpson v. Simpson.

(Decided February 15, 1927.)

(Rehearing Denied, with Modification, May 3, 1927.)

#### Appeal from Casey Circuit Court.

1. Divorce.—Interest and costs go as matter of course and should not be considered, in determining whether allowance made for alimony is excessive.

2. Divorce.—Allowance of $1,750.00 for alimony, where husband owned land worth aproximately $5,000.00, had $2,000.00 in bank, $900.00 as cash value of insurance policy, and note for $1,200.00 secured by mortgage, held not excessive.

C. C. BAGBY and CHARLES FAIR for appellant.

CHARLES MONTGOMERY, J. B. STONE and E. C. MOORE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This case was before this court on an appeal from the judgment of the chancellor allowing appellee alimony in the sum of $3,500 and the custody of the youngest child, as well as $350 attorney's fees. The opinion is found in 194 Ky. 332, 238 S. W. 1044. The fact are concisely set out in that opinion. The judgement was affirmed and the court found, from the evidence in that case, that the estate of the appellant amounted to $20,000, or more, and that the allowance of $3,500 in alimony and $350 as an attorney's fee were reasonable. After the return of the case to the circuit court, appellant appeared and offered to file a motion and petition to revise the judgment on the grounds that his condition was such that the enforcement of the judgment would render him insolvent. Appellant had refused to pay temporary alimony, and a rule was issued against him, and upon his failure to pay the chan-

cellor sent him to jail until he should purge himself of contempt. The chancellor refused to allow his motion and petition to be filed, and he again appealed to this court, and it was held that appellant should be allowed to file his motion and petition asking that the former judgment be modified. The case was reversed. This opinion is found in 201 Ky. 282, 256 S. W. 412.

The depositions of many witnesses were taken on the question of the value of appellant's estate. The depositions of these witnesses show that the land is worth from $3,000 to $4,500. This is the testimony of witnesses introduced by the appellant. It is fairly well established by appellant's witnesses that the value of the land owned by appellant is around $3,500. Appellant admits that he owns 420 acres of land and that it was listed for taxation at $5,000, but he testified that it was listed too high.

The testimony offered by appellee shows that the land is worth from $6,000 to $12,000, but her witnesses are not so numerous as the witnesses for appellant. Taking the evidence as a whole, it would appear that the value of the land is approximately $5,000. The farm contains 420 acres and the improvements on it consist of the dwelling house, a tenant house, three tobacco barns, and a stock barn. A county road runs through the farm, dividing it in about equal parts. There is considerable timber on the farm.

In addition to the farm, it appears that appellant had $2,000 in the National Bank of Hustonville at the time the suit against him was instituted. This sum was attached, but the attachment was thereafter released as the chancellor seems to have been convinced that the land was of a sufficient value to satisfy any judgment that might be rendered against appellant. Appellant surrendered an insurance policy and took the cash value amounting to $900, during the progress of this litigation. He had another note for $1,200 secured by mortgage on 150 acres of land.

Upon a consideration of all the testimony, the chancellor reduced the allowance from $3,500 to $1,750. While the chancellor appears to have dealt firmly with appellant, it cannot be said that he has not shown a disposition to be entirely fair to him. Appellant complains that the $1,750 allowance, including the cost and the interest, is a larger sum than he can pay without being reduced to insolvency. Appellee is not responsible for the accumu-

lation of interest, and it cannot be said that she is wholly responsible for the accumulation of cost. The interest and the cost go as a matter of course and ought not to be considered, in determining whether the allowance made by the chancellor is excessive.

We have reached the conclusion that the amount allowed by the chancellor is not excessive. We do not believe that the amount allowed will require more than one-third of appellant's property to pay it, but this amount allowed must be in lieu of her entire interest in appellant's estate; therefore the lower court will permit her to execute a deed relinquishing her inchoate dower interest in his land, and if she refuse to do so, he will reduce her allowance of $1,750 to $1,250.

The judgment of the lower court is affirmed.