## Miller v. Miller.

(Decided April 27, 1928.)

### Appeal from Campbell Circuit Court.

1. Divorce.—Where the husband is in fault, it is the duty of the court, on granting the wife a divorce, to make a reasonable allowance to her for her support and maintenance.

2. Divorce.—In determining amount of alimony awarded wife granted divorce, financial condition of parties should be considered, as well as husband's age, health, and ability to labor.

3. Divorce.—Award of $500 alimony to wife without property, after granting her a divorce from 48 year old husband, earning $20.30 a week and owning real estate worth $4,000, held insufficient by $750.

4. Divorce.—Allowance of $8 per week to wife granted divorce from husband for support and maintenance of their two children held not unreasonably small, where husband was 48 years old, earned $20.30 a week, and owned realty worth $4,000, though not covering period of two years during which case was pending, in view of wife and children's occupancy of home owned by husband, who made small contributions to their support, during such time.

5. Divorce.—After allowance of weekly sum to divorced wife for support and maintenance of children, case should be continued on docket and allowance changed to meet changed conditions in future.

GEO. J. HEROLD for appellant.

DANIEL W. DAVIES for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Louise Miller, and the appellee, William H. Miller, were married on October 24, 1917, and lived together as husband and wife until October 9, 1924.

On October 22, 1924, the appellant instituted an action for divorce on the grounds that the appellee had so cruelly beat and injured her as to indicate an outrageous temper in him, and that for more than six months he had habitually behaved toward her in such cruel and inhuman manner as to indicate a settled aversion to her.

They have two children, daughters, who were 6 and 7 years of age, respectively, at the time of the separation.

On April 30, 1925, appellant was granted a divorce and the care, custody, and control of the two children, and the case was retained on the docket for the purpose of fixing alimony and maintenance for the children, and the parties were permitted to take further proof. On

May 13, 1927, a stipulation of facts was filed showing that appellee owned real estate worth $4,000 and that he earned $20.30 a week. The appellant was awarded alimony in the sum of $500, and the judgment further provided that the appellee should pay $8 per week, pending further order of the court, for the support and maintenance of the two children.

Appellant contends on this appeal that the allowances made to her for alimony and for the maintenance of her two children are insufficient. The evidence amply supported the judgment granting appellant a divorce, and, where the husband is in fault, it is the duty of the court to make a reasonable allowance to the wife for her support and maintenance. In determining the amount of alimony, the financial condition of the parties should be considered, as well as the husband's age, health, and ability to labor. The appellee was 48 years of age at the time of the separation, was earning $20.30 a week, and owned real estate worth $4,000. The appellant owns no property. Under these facts, the chancellor should have allowed appellant alimony in the sum of $1,250. Simpson v. Simpson, 219 Ky. 602, 292 S. W. 1087; Adkins v. Adkins, 213 Ky. 100, 280 S. W. 477; Doolin v Doolin, 211 Ky. 207, 277 S. W. 243; Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Day v. Day, 168 Ky. 68, 181 S W. 937.

Appellant also complains of the allowance for the maintenance and support of the two children, and especially of the failure of the court to make any allowance to cover the period of two years the case was pending. However, during this time appellant and her two children were occupying the home owned by appellee, and he made some small contributions during that period to the support of the children. Under the circumstances, the allowance for the support of the children is not unreasonable, but the case should be continued on the docket, and, if conditions should change in the future, the allowance should be changed to meet such conditions.

Judgment is reversed, and cause remanded, with directions to enter a judgment in accordance herewith.