## Middleton v. Middleton.

(Decided January 29, 1932.)

B. M. LEE for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This case has been before us on two former occasions. Middleton v. Middleton, 218 Ky. 398, 291 S. W. 359 and Middleton v. Middleton, 235 Ky. 395, 31 S. W. (2d) 615, 618. The sole question presented on the last appeal was the reasonableness of the amount allowed for the education and support of the three children whose custody had been awarded to Mrs. Middleton. The judgment was reversed, with directions to enter a judgment

in conformity with the opinion. In the course of the opinion, it was said:

"The court therefore concludes that the amount should have been fixed at $100 a month, and from this should be deducted the $25 a month that Mrs. Middleton was collecting from the commissary. In addition to this, appellant had sent Louis and Lora to college, as above stated, and he had paid not only their expenses at college, but also for their clothes and other things at home. The circuit court allowed him credit of $1,200 for this, which will not be disturbed. The order fixing $25 a month as the allowance for maintenance and education of three little girls is approved, subject to the $25 a month rent received by appellee."

On the return of the case to the lower court, the following judgment, from which this appeal is prosecuted, was entered:

"It is ordered and adjudged by the court that the defendant Rachel Middleton, recover of the plaintiff George Middleton, as maintenance for the infant children mentioned in said opinion the sum of $100.00 per month from the 25th day of August, until December 25, 1930.

"Deducting the rent of the commissary from the $100.00, the amount fixed for the maintenance of the children, leaves a balance of $75.00 per month for a period of five years and four months, amounting to $4,800.00 subject to a credit of $1,200.00 leaving the amount of the judgment $3,600.00 for which the defendant may have execution.

"It is further adjudged by the court that beginning December 25th, 1930, for the maintenance of the three little girls mentioned in the opinion, that the defendant recover of the plaintiff the sum of $100.00 per month, subject to the credit of $25.00 per month, the rent of the commissary leaving a balance of $75.00 per month to be paid by the plaintiff to the defendants for the maintenance of these three girls."

The judgment fails to conform to the directions contained in the opinion on the former appeal. The amount should have been fixed at $100 a month from August 24, 1925, when Mrs. Middleton entered a motion to modify

the judgment, until September 26, 1929, the date of the judgment from which the former appeal was prosecuted, subject to a credit of $25 a month which appellee had collected from the commissary, and to a further credit of $1,200 which appellant had paid for the education and support of two of the children. The amount of the allowance subsequent to September 26, 1929, should have been fixed at $25 a month for each of the children, or a total of $75 a month subject to the $25 a month rent received by the appellee.

Appellee, who is prosecuting a cross-appeal, makes some point of the court's failure to include in the judgment interest on the delinquent installments; but the payment of interest was not contemplated by the former opinion, in view of the partial payments made by appellant. After the mandate had been filed and the case redocketed, the appellee filed an affidavit in which she stated that appellant, after the former judgment and pending the appeal, had failed to send to school the two boys, Louis and Lora, whose custody had been awarded to him, and that she had sent them to school and had provided board and lodging for them at a total expense of $999.94. The lower court was of the opinion that this matter could not be injected into this action by affidavit, and refused to consider it. This is also made a ground of cross appeal.

The pleading, though styled affidavit, was in substance and effect an amended petition, and set out clearly and succinctly the amount claimed by appellee, and the facts upon which she based her claim. A divorce case should be retained on the docket where the custody or maintenance of children is involved, so that the order as to these matters may be revised from time to time to meet changing conditions. Miller v. Miller, 224 Ky. 234, 5 S. W. (2d) 1041; Parks v. Parks, 209 Ky. 127, 272 S. W. 419. If permitted to go off the docket, the case may be redocketed for the purpose of revising the judgment. Here the case had been redocketed, and appellant was before the court. Before a new judgment was entered in compliance with the mandate of this court, appellee filed the pleading, styled affidavit, in which she set out grounds for an additional allowance for expenses incurred by her pending the appeal. Appellant could have controverted the averments of this pleading if he desired, and an issue would have been formed. He had

notice of the nature of her claim for additional allowances and an opportunity to contest it. This is all that is required. As a general rule, the name given to a pleading is not controlling, but its character is to be determined by its allegations. Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979.

On the return of the case, the appellant will be permitted to respond to the pleading setting up appellee's claim for additional allowances, and the parties, if they desire, may take proof on the issue thus raised.

The judgment is reversed on both the original and cross-appeal, and the cause remanded for further proceedings consistent herewith.