## Middleton v. Middleton.

June 3, 1941.

Charles B. Spicer for appellant.

R. L. Pope for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Rachel Middleton obtained a divorce from G. W. Middleton in 1922. Frequently since that time we have been called upon to review disputes between these parties involving alimony and the care and custody of their children while they were infants. This is our fourth edition of the Middleton difficulties. See Middleton v. Mid-

dleton, 218 Ky. 398, 291 S. W. 359; Middleton v. Middleton, 235 Ky. 395, 31 S. W. (2d) 615; Middleton v. Middleton, 242 Ky. 209, 45 S. W. (2d) 1058.

Prior to the entry of the judgment which was the basis of the third appeal, Mrs. Middleton filed an affidavit in which she stated that, after the entry of the second judgment, which was the basis of the appeal in Middleton v. Middleton, 235 Ky. 395, 31 S. W. (2d) 615, in which G. W. Middleton had been awarded custody of the two boys, Louis and Lora, she had sent them to school and provided board and lodging for them at a total expense of $999.94. That affidavit was not considered because the lower court was of the opinion that the matter could not be injected into the action by affidavit. We said, however, that, while the pleading was styled an affidavit, it was in substance and effect an amended petition; that it set out clearly and succinctly the amount claimed by Mrs. Middleton and the facts upon which she based her claim; that upon the return of the case Mr. Middleton should be permitted to respond to the pleading; and that the parties, if they desired, might take proof on the issue raised. This was done and the trial resulted in a judgment in favor of Mrs. Middleton for the amount claimed, with interest thereon from December 12, 1930.

We are asked to reverse that judgment upon the grounds that (1) since the care and custody of the two boys had been awarded to Mr. Middleton and he was ready and willing to provide for them, Mrs. Middleton was a mere volunteer in making provision for them and therefore not entitled to any additional allowance; (2) in the event an allowance be deemed warranted, the amount allowed is excessive, because Mr. Middleton was paying Mrs. Middleton $100 a month in the way of alimony and was furnishing to her more than he would have been required to pay if the boys had lived with him; and (3) in no event should interest have been allowed, since the claim was unliquidated until the entry of the order making the allowance in June, 1940.

The former opinions furnish the history of the disputes between the parties which we have been called upon to review. We deem it unnecessary, therefore, to refer to them here. We have examined the record carefully, and can not escape the conclusion that the amount allowed Mrs. Middleton is excessive. That Mr. Middle-

ton was in a position to furnish a good home for the two boys, who were between 18 and 20 years of age in 1929, is beyond dispute, and we find no basis for the conclusion that he refused to furnish a home for them. Mr. Middleton lived at Evarts near the Evarts Graded School. While the school was not accredited until 1932, it furnished four years of high school work and neither of the boys had finished high school. Mr. Middleton met a substantial part of the boys' expenses in a military school while they were in the custody of their mother. He said that he had spent some $3,000 on them while they were in that school and he was allowed a credit against Mrs. Middleton of $1,200 on that claim. Incidentally, that credit seems to have been responsible to some extent for the present controversy. While the boys testified that their father refused to send them to school and furnish them a home, and there is other testimony to that effect, we are definitely of the opinion that the question as to whether the boys should attend the Evarts school, or go to some accredited school, played a primary part in where they made their home. The boys did not want to go to the Evarts school and their mother did not want them to go there. Louis attended the Harlan High School during a part of the time in question, and Lora went to Berea, later returning to the Evarts school. Mr. Middleton met a substantial part of Lora's expenses at Berea and a part of Louis' expenses while he was attending the Harlan High School. He met other of their expenses in the way of clothes and incidentals. The boys spent little time in his home, living with their mother most of the time. Mrs. Middleton is claiming $324.94 for money spent in schooling the boys, and $675.00 for board and lodging for them over a period of 27 months. We have reached the conclusion that an equitable disposition of the question before us would be to allow Mrs. Middleton the $324.94, and to disallow her claim for board and lodging, since, as we have indicated, we are of the view that the primary reason why the boys did not live with their father was the desire on their part to attend a school other than the Evarts Graded School.

We are of the further opinion that it was not error to allow interest on Mrs. Middleton's claim. It was definite and certain both as to time and amount. The rule is that interest runs as a matter of right on a liquidated demand, and, in the case of an unliquidated claim, the

allowance of interest rests in the discretion of the jury or the court trying the case. Magruder v. Ericson, 146 Ky. 89, 141 S. W. 1195; Carrs Fork Coal Company v. Johnson Drug Company, 249 Ky. 371, 60 S. W. (2d) 952.

Wherefore, the judgment is reversed with directions to set it aside and to enter a judgment in conformity with this opinion.