**Eleanor G. ULLMAN (now Eleanor G. Greenberg), Appellant,**

**v.**

**Jerome B. ULLMAN, Appellee.**

Court of Appeals of Kentucky.

May 31, 1957.

Edward W. Bensinger, Louisville, for appellant.

Joseph R. Rubin, Louisville, for appellee.

STANLEY, Commissioner.

In a judgment of divorce entered early in 1951, the appellee, Jerome B. Ullman, in accordance with a property settlement agreement, was ordered to pay the mother of the child of the parties $100 a month maintenance until he entered high school, and $150 a month after that event. Medical expenses

for the child were to be in addition. Afterwards the mother remarried and moved to Miami, Florida.

On July 28, 1955, the father filed a motion that the mother of the child, the appellant, Eleanor G. Greenberg, formerly Eleanor G. Ullman, show cause why the maintenance payments should not be reduced to $50 a month. This was under authority of KRS 403.070 and in accordance with a rule of the Jefferson Circuit Court. The commissioner's report and recommendation was accepted by the court, and it was adjudged that the payments should be reduced to $90 a month until the child entered high school when they should be $130 a month, and the father's obligation for medical expenses should be limited to $15 a month. The revision was made effective as of December 1, 1955, and the father was authorized to take credit on future judgments for the difference he had paid pending disposition of the motion. The judgment was entered April 19, 1956. The mother of the child on this appeal claims the motion for a reduction in the allowance was not properly or legally served, that the reduction is not supported by the evidence, and in any event that it was error to make it effective retroactively. The father has filed a cross appeal and claims the reduction should have been greater, and in any event should have been made effective on the date of his motion, July 28, 1955. He makes the appellant's attorney a party to the appeal, and submits that the fee of $200 allowed him for his services in resisting the motion is excessive.

■ A copy of the motion for the rule was sent by registered mail and was received by the appellant in Miami. A copy of the letter of appellee's attorney to her was delivered to her counsel. He appeared and challenged the jurisdiction of the court. The argument that the procedure required ·the service of a summons on the appellant and that service of a copy of the motion by mail could not bring her before the court was made in the trial court and here before Benson v. Benson, Ky., 291 S.W.2d 27, was decided. In that case we construed Civil Rule 5.02 as authorizing service by mail of a motion for a modification of a judgment relating to the allowance for the maintenance of children of divorced parents. The decision is controlling here.

■ The trial court considered evidence of changed conditions of the parties, including the fact that both parents had remarried and the father has assumed the support of another family. His financial conditions at the time of the judgment and currently were proved. Every case of this kind has its own peculiar conditions. A recitation of the evidence in this record would be of little service as a precedent. It seems sufficient to say that our consideration of this record leads to the conclusion that the modification was right and proper.

The respective contentions concerning the retroactive effect of the modification might well be dismissed as trivial. If it had been made effective as of the date of the judgment, the mother would be entitled to $45 more; if as of the date of the motion, the father would be relieved of $40 more.

■ The trial court's opinion recites that normally such revisions date back to the time the rule was issued, but because of the circumstances and the delay intervening before the case was submitted for decision, the court thought it fair to split the difference between the respective contentions. We have construed KRS 403.070 as indicating the intention that a modification of a judgment for maintenance should be prospective in effect and not relieve a father of payment of accrued obligations. Waters v. Waters, Ky., 251 S.W.2d 580; Williams v. West, Ky., 258 S.W.2d 468. On the other hand we have held that it was proper to make the modification effective as of the date of the application. Middleton v. Middleton, 235 Ky. 395, 31 S.W.2d 615; Middleton v. Middleton, 242 Ky. 209, 45 S.W. 2d 1058. Since the statute, KRS 403.070, gives the circuit court control of monthly

allowances for the support of children according to the circumstances and their welfare, we think this is a matter within the court's discretion. In the present case the effect of the modification was to reduce future payments by $45. We see no abuse of discretion.

The attorney's fee also seems fair.

The judgment is affirmed on both the direct and cross appeal.