**Waneta BORDEN, Appellant,**

v.

**William H. MARTIN, Jr., Appellee.**

**Waneta BORDEN, Appellant,**

v.

**William H. MARTIN, Jr., Pat Howell Goad, Warren Circuit Clerk, and Commonwealth of Kentucky, Appellees.**

**Nos. 88–CA–001–S, 88–CA–193–S.**

Court of Appeals of Kentucky.

Feb. 10, 1989.

Lela E. Shepherd, Bowling Green, for appellant, Borden.

Frederic J. Cowan, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellees, Goad and Comm. of Ky.

William W. Lawrence, H. Joseph Marshall, Louisville, for appellee, Martin.

Before HOWERTON, C.J., LESTER, J., and WHITE, Special Judge.

HOWERTON, Chief Judge.

Waneta Borden appeals from a judgment of the Warren Circuit Court directing her to pay Martin $58,310.35 and from an order overruling her motion to direct the clerk to pay her all interest earned on the supersedeas bond she had posted pending appeal. She contends that the trial court erred by computing a twelve percent post-judgment interest rate to the eight percent prejudgment interest applied to the principal amount she owed to Martin. She also contends that the trial court erred by refusing to pay her interest accumulated on her cash supersedeas bond. We affirm on both issues.

This is the second appeal initiated by Waneta Borden in this action. This Court reversed the trial court in the initial appeal and remanded the action with directions that only an eight percent prejudgment interest rate could be applied to the amount owed by Borden to Martin but that twelve percent post-judgment interest was permissible. On remand, the trial court calculated the prejudgment interest on the principal amount of $40,000 owed to Martin as being $11,311.20. It then computed the 12 percent post-judgment interest rate to the principal amount and the prejudgment interest owed thereon. From these calculations, the court determined that Borden owed a total of $58,442.58 to Martin. It then ordered this amount to be paid to Martin out of the $60,000 supersedeas bond posted by Borden. The difference between this amount and the amount of the bond was returned to Borden.

Borden thereafter motioned the court to pay her interest accumulated on the supersedeas bond. The court denied this motion, and the clerk, Pat Goad, forwarded the interest earned on the bond to the state treasury. From the trial court's judgment and its subsequent order, Borden appeals.

■ First, Borden contends that the trial court erroneously computed the interest owed by her to Martin. She claims that the twelve percent post-judgment interest rate should not have been applied to the eight percent prejudgment interest owed on the principal amount of $40,000. She further argues that such a computation is inconsistent with this Court's prior determination in the initial appeal. We disagree.

Our prior opinion held that Martin was entitled to both prejudgment and post-judgment interest on the amount owed by Borden but determined that the trial court's award of 12 percent prejudgment interest was erroneous. We noted that under KRS 360.010, the legal rate of interest is eight percent per annum, unless a higher rate is agreed to in writing. KRS 360.040 allows 12 percent interest on judgments. Since no writing allowed for a prejudgment rate of twelve percent interest, only eight percent could be awarded. This is exactly what the trial court calculated on remand. The trial court determined that at eight percent, $11,311.20 was the interest owed on the principal amount of $40,000. The court then added the principal and interest, and applied a 12 percent post-judgment interest rate to this amount. We find nothing incorrect in these calculations. Martin is entitled to post-judgment interest at up to 12 percent on both the principal and pre-judgment interest, and the trial court correctly allowed such.

■ Borden next contends that the trial court erroneously overruled her motion for payment to her of interest accumulated on her supersedeas bond. She claims that un-

der CR 67.03, she is entitled to the interest accumulated on these funds and the clerk was required to pay this amount to her. We disagree.

In order for Borden to be entitled to interest on the supersedeas bond, it was incumbent upon her to obtain a court order requiring the clerk to place the supersedeas bond funds into a separate escrow account and not into the clerk's regular account. While the clerk's general account does earn interest under KRS 30A.205, the interest earned on this account "shall accrue to the state and be paid to the state treasury by the circuit clerk every six (6) months. . . ." Because Borden did not obtain a court order to place these funds into a special escrow account, but rather placed them in the regular clerk's account, the circuit court clerk was required by statute to pay any interest earned on these funds to the state. As a result, the trial court properly denied Borden's motion for payment.

The judgment of the Warren Circuit Court is affirmed.

All concur.