Dale Louis BROWN, Appellant,

v.

FULTON, HUBBARD & HUBBARD,
Appellees.

No. 89–CA–002460–MR.

Court of Appeals of Kentucky.

Sept. 6, 1991.

Dale Louis Brown, pro se.

Robert T. Butler, II, Bardstown, J. Michael Whelan, Hodgenville, for appellees.

Before CLAYTON, HOWERTON and HUDDLESTON, JJ.

HUDDLESTON, Judge.

Dale Louis Brown appeals from a judgment finding him liable to Fulton, Hubbard & Hubbard in the amount of $15,664.30 for legal services and expenses. The trial court further found Brown liable for prejudgment interest on the debt and for the firm's collection expenses. Brown was ordered to pay post-judgment interest at the rate of twelve percent per annum, compounded annually. We affirm the trial court's judgment as it pertains to attorneys' fees, costs and interest and reverse that portion of the judgment which directs the clerk to retain excess funds which should have been paid over to Brown.

On April 8, 1983, Brown engaged John Hubbard to represent him in multiple criminal actions pending in Nelson, LaRue and Taylor Circuit Courts. The retainer agreement between Hubbard's firm and Brown was reduced to writing and signed by both parties.

The operative language of the agreement reads as follows:

> Party of the first part shall pay for legal services the hourly rate being customarily charged for the attorney or employee furnishing the legal services at the time they are furnished. The *minimum* fee will be $5,000.00.

Hubbard and his firm rendered services pursuant to this contract through January, 1985.

Fulton, Hubbard & Hubbard filed suit to collect Brown's outstanding account balance on August 10, 1988. The complaint alleged that Brown was indebted to Hubbard's law firm in the sum of $31,405.57, made up of a $15,664.30 [1] charge for services and costs, together with interest on the indebtedness.

The attorneys' complaint was accompanied by an *ex parte* motion for attachment of a check, draft or other negotiable instrument thought to be held by a Texas lawyer. The Texas lawyer responded to the attachment order by denying possession of funds belonging to Brown. When the check Fulton, Hubbard & Hubbard sought to attach was later received by the out-of-state attorney, it was released to LaRue Circuit Court pending an adjudication of rights to the proceeds.

■ Brown, appealing in this Court *pro se,* raises numerous allegations of error and requests reversal of the trial court's judgment. His first argument attacks the trial court's authority to hold the funds in question pending adjudication of the parties' dispute. As previously noted, Brown's attorneys attempted to attach a check thought to be held by a Texas attorney. The attorney responded to the attachment order denying possession of a check representing an award obtained for Brown in an earlier civil suit. The trial court correctly concluded that "since [the Texas attorney] did not have ... the negotiable instrument in his possession at the time of issuance of the attachment order (which fact no one denies), the attachment attached nothing, and was, in actuality, a nullity."

By agreed order, the parties voluntarily placed the disputed funds in the hands of the Clerk of LaRue Circuit Court pending a determination as to who was entitled to them and in what proportion. We can hardly find error in the retention by the court of funds subject to a determination of the parties' legal rights when those funds were voluntarily deposited with the clerk for that very purpose.

■ Brown next argues that the court erred in finding that he waived any previous objection to the issuance of the *ex parte* attachment order and the jurisdiction of the court to determine legal entitlement to the funds. The agreed order signed by the parties, including Brown and the attorney then representing him, clearly indicates a voluntary submission to the court's authority. This issue has, therefore, been waived. As Kentucky's high court long ago said in *Maynard v. Damron,* 237 Ky. 793, 36 S.W.2d 638, 639 (1931):

---

**1.** A tabulation of Brown's account statement reveals a discrepancy of $200.00 which, upon remand, should be corrected. The judgment should reflect legal services and costs in the amount of $15,464.30, with prejudgment interest to be accordingly recomputed.

It is a general rule that an attachment defendant may by his conduct waive or become estopped to assert the non-existence of the grounds for an attachment. [Citation omitted.] Where the claim in litigation is settled between the parties, no further inquiry will be made to determine whether an attachment was properly sued out. [Citations omitted.]

■ Brown next contends that the trial court erred in awarding the fees sought by Fulton, Hubbard & Hubbard. Even where, as here, there is a written agreement between an attorney and his client, the fees charged by an attorney must be reasonable. According to Rule 1.5 of the Kentucky Rules of Professional Conduct, SCR 3.130, some of the factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

While the present Rules of Professional Conduct did not go into effect until January 1, 1990, the earlier rule regarding fees was substantially the same. And, the decisional law of Kentucky has long been to the same effect. See *Boden v. Boden*, Ky., 268 S.W.2d 632, 633 (1954), citing *Axton v. Vance*, 207 Ky. 580, 269 S.W. 534 (1925).

■ In this case, the fees which Brown was charged were for services rendered in defense of multiple felony charges pending in three separate circuit courts. The client service record submitted by counsel substantiates the latter's claim and satisfies us that the trial court did not err in awarding the fees sought by Fulton, Hubbard & Hubbard. *Sharp v. Sharp*, Ky., 516 S.W.2d 875 (1974). Brown can hardly complain of the result of his counsel's representation. He was convicted of three misdemeanor counts in one county and all remaining felony charges in that and in two other counties were dismissed.

It is clear from the retainer agreement that the minimum value of the services contemplated by the parties was $5,000.00. The contract is neither vague nor ambiguous. The fact that Brown's co-defendant was charged a different fee is of no relevance to this dispute. Brown's liability to his attorneys is grounded in their contract and is supported by the account statement submitted by them.

■ Brown next alleges error in the court's failure to sustain his request to excuse his counsel of record in this case and permit him to proceed *pro se* and its failure to hold this case in abeyance pending resolution of the conflict between him and his attorney. While Brown was entitled to discharge the attorney who initially represented him in this case, he has not shown any prejudice resulting from the court's inaction. The taking of evidence closed on December 19, 1988, and this case was then submitted for a decision. For various reasons which need not concern us here, a judgment was not forthcoming until October 31, 1989, more than ten months later. During this interval, Brown did not seek to file any additional pleadings nor to submit any additional evidence. In effect, the case was held in abeyance, although no formal order so holding was entered.

■ Brown's next argument is that the court erred in awarding prejudgment and post-judgment interest. The allowance of interest on an unliquidated claim rests in the discretion of the court. *Middleton v. Middleton*, 287 Ky. 1, 152 S.W.2d 266 (1941). KRS 360.010 caps the legal rate of prejudgment interest at eight percent per annum, unless a higher rate of interest is

agreed to in writing. *Borden v. Martin,* Ky.App., 765 S.W.2d 34 (1989). KRS 360.-040 allows a court to award interest at twelve percent per annum, compounded annually, on a judgment award. The trial court followed applicable decisional and statutory law in making its awards of interest, so there is no occasion to disturb its judgment.

■ Finally, Brown argues that the remaining balance of his funds held by the court clerk should have been released. The judgment of the circuit court cites no existing liens or other valid claims against this balance, only a potential attorney's lien arising as a result of legal services rendered on Brown's behalf in a capital murder case. The funds were placed under the control of the court pending a determination of Brown's and Fulton, Hubbard & Hubbard's rights to them. As this determination has been made, the funds in excess of the liability to Brown's former attorneys should be forthwith released to Brown, unless a valid lien against them has now been asserted.

This case is remanded to LaRue Circuit Court for entry of an amended judgment awarding appellees fees and expenses totaling $15,464.30, rather than $15,664.30, together with prejudgment and post-judgment interest, and directing the clerk to pay over to the appellant the funds remaining on hand after satisfaction of the judgment award to appellees unless the court determines that a valid lien has been asserted against them. In all other respects, the judgment from which this appeal is taken is affirmed.

All concur.