**Lawrence Richard MUDD, Appellant,**

v.

**Peggy Rose MUDD, Appellee.**

**Peggy Rose MUDD, Appellant,**

v.

**Lawrence Richard MUDD, Appellee.**

**Nos. 93–CA–2077–MR, 93–CA–2078–MR.**

Court of Appeals of Kentucky.

Aug. 4, 1995.

Joseph V. Mobley, Louisville, for Lawrence Mudd.

Ronda M. Hartlage, Louisville, for Peggy Mudd.

Before HOWERTON, JOHNSTONE and SCHRODER, JJ.

HOWERTON, Judge.

Peggy Rose Mudd appeals from an order of the Jefferson Circuit Family Court reducing her maintenance support effective from the date Lawrence Mudd filed a motion to terminate or reduce his maintenance payment. Lawrence Richard Mudd also appeals from the order which merely reduced his maintenance payments from $45,000 to $30,000 per year. We find no error and affirm both appeals.

The Mudds were divorced August 12, 1987. By agreement and order of the Jefferson

Circuit Court, Lawrence was required to pay Peggy $45,000 per year as maintenance. On June 24, 1992, Lawrence filed a motion to terminate or reduce his maintenance payment due to a change of circumstances, declining income and Peggy's capacity to contribute to her own support. The trial court granted a $15,000 per year reduction in maintenance payments, effective from the date of Lawrence's motion to reduce his payments. Both parties argue that the trial court abused its discretion, with which we disagree.

■ Peggy contends that under Kentucky law, modification of maintenance payments operates only prospectively from the entry of a court order. Approximately one year elapsed before the trial court rendered its final decision on Lawrence's application for reduction. Retroactive relief has been ordered when circumstances delay a case from being submitted for decision. *Ullman v. Ullman*, Ky., 302 S.W.2d 849 (1957). Peggy argues that *Ullman* is not applicable because it deals with modification of child support payments. While that distinction may be correct, it is clear that our law does not prohibit a trial court from granting a retroactive reduction of maintenance for the period of time from the filing of the motion to the entry of judgment. Although the payments which have accrued generally become vested, and our law primarily supports prospective relief, a trial court has discretion to allow appropriate relief in circumstances such as this case. We find no abuse of discretion or reversible error under the circumstances in this situation.

■ Lawrence also contends that the trial court abused its discretion when it only reduced his payments from $45,000 per year to $30,000 per year. According to Lawrence, he will have an after-tax flow of approximately $65,000 annually, of which $30,000 will be deducted to pay maintenance to Peggy. Peggy will have approximately $40,000 in annual income after taxes. The evidence indicates that since the divorce, Lawrence's annual net profit from his psychiatric practice has been reduced from approximately $252,412 in 1986 and 1987 to $91,463 in 1992. During this same period of time, Peggy's income has increased by $2,000 per year to $22,000. The trial court determined that Lawrence's reduction in total income was due in part to some questionable investments and expenses. Based upon the current needs of the parties and the economic conditions and circumstances of the parties, we cannot say that it was an abuse of the trial court's discretion to only reduce Lawrence's maintenance payments to $30,000.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.