Steven **FIELDS**, Appellant,

v.

Regina **FIELDS**, Appellee.

No. 2000–SC–0033–DG.

Supreme Court of Kentucky.

Oct. 25, 2001.

W. Currie Milliken, Milliken Law Firm, Bowling Green, Counsel for Appellant.

Michael L. McKown, Hartford, Counsel for Appellee.

STUMBO, Justice.

The sole issue to be decided in this case is whether prejudgment interest may be awarded to one spouse, on marital property under the control of the other spouse, for the time period between the entry of an interlocutory divorce decree, and the ultimate judgment on the issue of property division, i.e. prejudgment interest.

Regina and Steven Fields married on September 14, 1980, when they were 18 and 19 respectively. Shortly after their marriage, Steve's father helped Steve and Regina, as well as Steve's brother Mike, to set up a farm operation. During the course of the marriage, the farm operation was profitable and continued to expand. Steve worked on the farm and Regina worked as a legal secretary and, according to her testimony, helped on the farm as well.

In March 1997, Regina filed a Petition for Dissolution of Marriage, but the parties were unable to come to an agreement on the division of their marital property. Steve advocated an interlocutory decree of divorce, to which Regina objected, as it would cut off the accrual of marital property. Over Regina's objection, a divorce decree was entered on June 23, 1997, reserving all issues of child support, custody, and property settlement for a later determination.

In May 1998, by supplemental order, the Domestic Relations Commissioner awarded Regina one-half of Steve's share of the farm partnership ($308,250.00), to be paid within 60 days, with interest thereon at the rate of 12% per annum, beginning on June 24, 1997, the date of the original divorce decree. The Circuit Judge adopted the Domestic Relations Commissioner's report on June 1, 1998.

Steven Fields appealed to the Court of Appeals, arguing that, per *Clark v. Clark*, Ky., 487 S.W.2d 272 (1972), an award of prejudgment interest was improper. Regina argued that it would be inequitable to apply *Clark*, or, in the alternative, that *Clark* should be overturned. The Court of Appeals affirmed the decision of the trial court, finding that *Clark* should not be followed in this case, and that an allowance of prejudgment interest on an unliquidated claim rests in the discretion of the trial court, citing *Nucor Corp. v. General Elec. Co.*, Ky., 812 S.W.2d 136, 143 (1991). Mr. Fields now appeals to this Court on the issue of the prejudgment interest awarded to Regina. We find that *Clark v. Clark* is no longer good law and affirm the decision

of the trial court to award some percentage of prejudgment interest.

The facts in *Clark v. Clark*, a 1972 case, are similar to those at issue here. Mr. and Mrs. Clark were granted a divorce in February 1970 and Mrs. Clark was awarded alimony. That judgment was appealed, and in January 1972, a new judgment was entered which replaced Mrs. Clark's alimony with a sum of money designated as her share of the couple's "joint effort" property, with interest thereon. The question became whether the interest on Mrs. Clark's award was to run from the time of the 1972 judgment or from the original judgment granting the couple a divorce. The court held that the award of interest from the date of the divorce decree was improper. They stated "...until an adjudication is made (in the final judgment) as to what was Mabel's share, she had nothing more than an unliquidated claim against John." "In the instant case, Mabel's share could be ascertained only by a court's evaluation of the many intangible factors involved in a wife's contribution to the accumulation of the family estate." *Id.* at 274.

The Court in *Clark* also noted that the facts before them differed from those in *Curtis v. Campbell*, Ky., 336 S.W.2d 355, where prejudgment interest was found to be proper. In *Curtis*, surviving members of a partnership continued to use assets of the partnership for their own profit, without complying with their contractual obligation to determine the fair value of the deceased partner's interest. In comparing the two cases, the court in *Clark* noted "[t]here the decedent's interest was ascertainable by bookkeeping principles. In the instant case, Mabel's share could be ascertained only by a court's evaluation of the many intangible factors involved in a wife's contribution to the accumulation of the family estate." *Clark* at 274.

In our view, the changes in the law of marital property division in the thirty years since *Clark* was decided, rendered the division of a marital estate more similar to the circumstances in *Curtis*. The courts have long been calculating the value of intangible contributions to the increase in marital property. *Goderwis v. Goderwis*, Ky., 780 S.W.2d 39 (1989), and *Walters v. Walters*, Ky., 782 S.W.2d 607 (1989). Further, alimony such as was awarded in *Clark*, pending the final property division, is an outdated concept and no equivalent award of maintenance was made to Regina pending the final property division.

This Court has previously recognized that in contract and tort cases "[the trial court] is not required to grant pre-judgment interest, but may do so if, in its discretion it believes under the facts and circumstances of this case that equity and justice requires such an award." *Nucor Corp. v. General Electric Co.*, Ky., 812 S.W.2d 136, 145 (1991). We find that the holding in *Nucor*, that the awarding of prejudgment interest is a matter of discretion for the trial court, is also applicable to property division in domestic relations cases.

In the case at bar, Steven Fields insisted, over the objection of Regina Fields, that the interlocutory divorce decree be entered, thereby cutting off the accumulation of marital assets. During the one-year span between the entry of the divorce decree and the division of the marital property, Steven had exclusive control over the marital assets and used them, including Regina's share, to accumulate additional wealth, which Regina was then precluded from sharing. As noted by the court in *Curtis*, "It is self-evident that equity and justice demand that one who uses the money or property of another for his own benefit, particularly in a business enterprise, should at least pay interest for

its use in the absence of some agreement to the contrary." *Supra* at 361. "The determination as to whether or not to award prejudgment interest is based upon the foundation of equity and justice. It is a determination to be made by the trial court and to be disturbed by an appellate court only upon a showing of abuse of discretion." *Church and Mullins Corp. v. Bethlehem Minerals Company*, Ky., 887 S.W.2d 321, 325.

 Again, prejudgment interest on a spouse's share of marital property will not always be warranted. The trial court must examine the unique facts of every case in making that determination. Here, had the marital property not have been income producing property, and had it decreased, rather than increased, in value, the trial court might well have found that no prejudgment interest award was warranted.

The discretion of the trial court on the percentage of interest to be awarded is not unfettered discretion. While KRS 360.040 provides for interest at the rate of 12% per annum on a judgment, that provision does not apply to prejudgment interest. Prejudgment interest is limited to the legal rate, found in KRS 360.010, of 8%. *Brown v. Fulton, Hubbard & Hubbard*, Ky.App., 817 S.W.2d 899 (1991), *Borden v. Martin*, Ky.App., 765 S.W.2d 34 (1989). The trial court may award prejudgment interest at any rate up to 8%, or it may choose to award no prejudgment interest at all, but it may not exceed the legal rate of 8%. Thus, in awarding prejudgment interest at the rate of 12% per annum, the trial court has abused it discretion.

In sum, it was within the trial court's discretion to award prejudgment interest on the portion of marital property awarded Regina Fields. However, the trial court abused its discretion in awarding such interest at a rate in excess of 8%. On this latter issue, the trial court is reversed and this case is remanded for action consistent with this opinion.

All concur.